COMMONWEALTH vs. RONALD B. JASMIN.

Hampden. November 5, 1985. — January 30, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Drug Paraphernalia. Due Process of Law,* Vagueness of statute. *Evidence,* Relevancy and materiality. *Practice, Criminal,* Discovery, Instructions to jury.

A criminal defendant challenging the vagueness of a statute as applied to him is not required to raise the issue by a pretrial motion under Mass. R. Crim. P. 13 (c). [654-655]

Neither the provision of G. L. c. 94C, § 32I (*a*), making possession of drug paraphernalia with intent to sell a crime, nor the associated definition of drug paraphernalia in G. L. c. 94C, § 1, is unconstitutionally vague. [655-658]

At the trial of an indictment charging a violation of G. L. c. 94C, § 32I (*a*), there was sufficient evidence to warrant a finding that the defendant possessed drug paraphernalia with intent to sell. [658]

The fact that an indictment charging possession of drug paraphernalia with intent to sell referred only to possession of "scales, pipes and rolling papers" did not bar the prosecution at the trial of the indictment from introducing other items which had been seized with those specified in the indictment during a search of a store operated by the defendant. [659]

At the trial of an indictment charging possession of drug paraphernalia with intent to sell, there was no error in the admission of testimony by a police officer that the defendant had said he was one of the owners of the shop in which the items in question were found, even though this evidence had not been disclosed to the defendant before trial, where there was no showing that disclosure was required by allowance of a pretrial motion or by a pretrial conference report, and where, in any event, the defendant conceded at trial that he had control over the shop at the time it was searched and he was arrested. [659]

Taken as a whole, the judge's instructions to the jury at the trial of an indictment charging possession of drug paraphernalia with intent to sell adequately instructed the jury regarding the factors they were to consider in determining whether an object was an item of drug paraphernalia. [659-660]

INDICTMENT found and returned in the Superior Court Department on August 12, 1982.

The case was tried before *William W. Simons,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John E. Miller (Frank E. Antonucci* with him) for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted under an indictment charging him with possession of drug paraphernalia with intent to sell in circumstances where he knew or should have known that the objects would be put to an unlawful use in violation of G. L. c. 94C. See G. L. c. 94C, § 32I (*a*) (1984 ed.). Section 32I, the so-called "anti-drug paraphernalia" act, had become effective only a few months before the defendant was arrested in May, 1982, for its violation. St. 1981, c. 669, § 2. This is the first case in which we have considered a conviction under this statute.

In May, 1982, Springfield police officers executed a search warrant at the Phoenix Smoke Shop in Springfield. The defendant was in the shop behind the counter. A number of items, most with price tags affixed, were seized pursuant to the warrant. Some objects were fit for a single purpose, the production, distribution, or consumption of controlled substances. Others were dual purpose items, that is, capable of both lawful use and an unlawful use in weighing, preparing, or consuming controlled substances. Most of the items seized were found in the cellar of the store.

We transferred the defendant's appeal here on our own motion. He challenges the applicable statutory provisions as unconstitutionally vague, asserts that the evidence did not warrant his conviction because there was no proof beyond a reasonable doubt that he possessed drug paraphernalia with intent to sell, and advances arguments concerning errors in the course of the trial. We affirm the conviction.

1. The defendant asserts that the applicable statutory provisions are unconstitutionally vague. He did not raise this issue

by a pretrial motion under Mass. R. Crim. P. 13 (c), 378 Mass. 872 (1979). He first presented the vagueness argument in support of his motion for a required finding of not guilty. The Commonwealth argues here, for the first time, that this argument comes too late and should have been presented by pretrial motion. It may be that, pursuant to rule 13 (c), an argument based on the facial invalidity of a criminal statute should be presented by a pretrial motion. Perhaps a challenge to the vagueness of a statute as applied might properly be raised before trial, but it need not be raised until the Commonwealth has presented its evidence showing the circumstances in which the statute would be applied to a defendant.

Several principles applicable to vagueness challenges are well established. Where, as here, the challenge involves no claim that an overbroad statute threatens First Amendment interests, a defendant is entitled to assert only his rights and not those of others who might be affected by the challenged statute in some different way. See *Parker* v. *Levy,* 417 U.S. 733, 756 (1974); *Broadrick* v. *Oklahoma,* 413 U.S. 601, 608 (1973); *Commonwealth* v. *Adams,* 389 Mass. 265, 270-271 (1983); *Commonwealth* v. *Bohmer,* 374 Mass. 368, 371 (1978). A law is unconstitutionally vague and denies due process of law if it fails to provide a reasonable opportunity for a person of ordinary intelligence to know what is prohibited or if it does not provide explicit standards for those who apply it. See *Grayned* v. *Rockford,* 408 U.S. 104, 108-109 (1972). The degree of vagueness permissible varies with the interests involved. See *Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498-499 (1982). The test is less strict when the law involves economic regulation and does not inhibit the exercise of constitutionally protected rights. *Id.* We have never said, nor does the defendant contend, that the Constitution of the Commonwealth establishes a stricter standard for testing vagueness than does the Constitution of the United States.

The defendant specifically argues that § 32I (*a*),[1] and the associated definition of drug paraphernalia in G. L. c. 94C,

---

[1] The first sentence of § 32I (*a*) reads: "No person shall sell, possess with intent to sell, or manufacture with intent to sell drug paraphernalia, knowing,

§ 1,[2] are vague for several reasons. He contends first that because "drug paraphernalia" are defined to include materials which are used, "or intended for use," in drug production, distribution, and consumption, a retailer cannot reasonably know what function a purchaser intends for an item that potentially has both a lawful and an unlawful use and that, therefore, the defendant argues, a retailer cannot determine if his conduct is or would be criminal. This constuction of the definition is incorrect. The words "intended for use" refer to a defendant's or seller's intention as to the use of the item he possesses for sale, not to the purchaser's intended use. This is the construction given to those words in other statutes which (like the Massachusetts legislation) were derived, sometimes with modifications, from the Model Drug Paraphernalia Act. See *Garner* v. *White,* 726 F.2d 1274, 1282 (8th Cir. 1984); *Stoianoff* v. *State,* 695 F.2d 1214, 1220 (9th Cir. 1983); *State* v. *Newman,* 108 Idaho 5, 13 (1985); *Opinion of the Justices,* 121 N.H. 542, 545 (1981); *Town Tobacconist* v. *Attorney Gen.,* 94 N.J. 85, 107 (1983), and cases cited. As so construed, the statute requires proof of the defendant's intention and is not vague.

The defendant also contends that the statute improperly punishes negligent as well as intentional conduct. Section 32I forbids a person from possessing drug paraphernalia with intent to sell, "knowing, or under circumstances where one reasonably should know," that the object will be used in illegal drug activity. The defendant argues that the reasonableness

---

or under circumstances where one reasonably should know, that it will be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter."

[2] The first paragraph of the definition reads: " 'Drug paraphernalia,' all equipment, products, devices, and materials of any kind which are used, or intended for use, in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter."

standard is improper because it punishes a person for negligently failing to perceive that another person will use an item unlawfully. We pass by the question whether, in the circumstances, negligence could properly be the basis of criminal responsibility. This statute does not impose guilt for negligence alone. The Commonwealth must prove that a defendant possessed drug paraphernalia with intent to sell it and, further, that the defendant knew or reasonably should have known that the object would be used unlawfully in violation of G. L. c. 94C. Thus it is a specific intent crime (the knowing possession of drug paraphernalia with intent to sell it), with an additional (and, it seems, somewhat redundant) element concerning the defendant's knowledge of the use to which the item would be put or reasonably would be expected to be put. Courts elsewhere, construing analogous language, have rejected a similar vagueness challenge. *Camille Corp.* v. *Phares,* 705 F.2d 223, 230 (7th Cir. 1983). *Stoianoff* v. *State, supra* at 1221. *New England Accessories Trade Ass'n* v. *Tierney,* 691 F.2d 35, 36-37 (1st Cir. 1982). *Florida Businessmen for Free Enterprise* v. *Hollywood,* 673 F.2d 1213, 1219 (11th Cir. 1982). *State* v. *Newman, supra* at 15.[3]

Finally, the defendant argues that there is a risk of arbitrary enforcement because the definition of drug paraphernalia states that "a court *or other authority*" (emphasis supplied) shall consider specific factors in determining whether an object is drug paraphernalia.[4] He argues that the statute is vague because

---

[3] As to the crime of selling drug paraphernalia described in § 32I, which does not expressly set forth a specific intent element, we would require proof that a defendant sold an object knowing it to be drug paraphernalia.

[4] The relevant portion of the definition reads as follows:

"In determining whether an object is drug paraphernalia, a court or other authority shall consider, in addition to all other relevant factors, the following: (*a*) Statements by an owner or by anyone in control of the object concerning its use; (*b*) The proximity of the object, in time and space, to a direct violation of this chapter; (*c*) The proximity of the object to conrolled substances; (*d*) The existence of any residue of controlled substances on the object; (*e*) Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to sell it to persons intending to use the object to facilitate a violation of this chapter, whether or not the

"other authority" is not defined and a jury, if included within the meaning of "other authority," would lack guidance as to whether a particular item was within the definition. We conclude that "other authority" includes a jury and that the jury, and not the judge, are to determine whether an item is drug paraphernalia, on instructions from the judge which would include, among other considerations, reference to the factors set forth in the statute. This is a factual question that should not be taken from the jury. See *Commonwealth* v. *McDuffee,* 379 Mass. 353, 363-364 (1979). The definition of drug paraphernalia is not ambiguous as applied to the defendant in this case.

Accordingly, we conclude that the judge rightly rejected the argument that, because of the statute's vagueness, a required finding of not guilty should be entered.[5]

2. The defendant's other arguments concerning the denial of his motion for a required finding of not guilty are without merit. The Commonwealth need not introduce evidence bearing individually on each factor listed for consideration in the definition of drug paraphernalia. The evidence showing the defendant's connection with the smoke shop was sufficient to warrant a finding beyond a reasonable doubt that he possessed drug paraphernalia described in the indictment ("scales, pipes and rolling papers") with intent to sell.

3. None of the defendant's contentions concerning errors in the course of the trial requires a reversal of his conviction.

owner, or anyone in control of the object, knows that the object is used or intended for use, as drug paraphernalia in a direct violation of this chapter. (*f*) Instructions, oral or written, provided with the object concerning its use; (*g*) Descriptive materials accompanying the object which explain or depict its use; (*h*) National and local advertising concerning its use; (*i*) The manner in which the object is displayed for sale; (*j*) Whether the owner, or anyone in control of the object, is a supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products; (*k*) Direct or circumstantial evidence of the ratio of sales of the object to the total sales of the business enterprise; (*l*) The existence and scope of ligitimate uses for the object in the community; (*m*) Expert testimony concerning its use."

[5] Vagueness challenges to statutes based on the Model Act have consistently been unsuccessful in the Federal Circuit Courts of Appeal. See cases listed in *People* v. *Nelson,* 171 Cal. App. 3d Supp. 1, 13 n.11 (1985).

(a) Although the indictment referred only to possession of "scales, pipes and rolling papers," evidence of the defendant's possession of other objects was properly admitted. One dispositive reason is that the presence of other objects found in the shop was relevant to whether the items referred to in the indictment were drug paraphernalia and whether the defendant possessed them intending to sell them.[6] We see no reasonable basis for concluding that the indictment unfairly misled the defendant into believing that only evidence of scales, pipes, and rolling papers would be introduced. He knew well before trial what was seized during the search of the smoke shop.

(b) The defendant objects to the admission of, and the failure to strike, a police officer's testimony that the defendant said he was one of the owners of the shop. He claims that this evidence should have been disclosed before trial. The defendant did not object to the admission of this testimony, nor did he move to strike it. There is no showing that disclosure of this statement was required by allowance of a pretrial motion (Mass. R. Crim. P. 14 [a] [1], 378 Mass. 874 [1979]), or by a pretrial conference report (Mass. R. Crim. P. 11 [a] [2] [A], 378 Mass. 863 [1979]). In any event, even if error, admission of that testimony was not prejudicial because the defendant concedes that he had control over the smoke shop at the time it was searched and he was arrested.

(c) In referring to factors to be considered in determining whether an object is drug paraphernalia, the definition of such items states that, in addition to other relevant factors, the listed factors *shall* be considered. In instructing the jury the judge sometimes said (directly or in effect) you "may consider" and sometimes said you "shall consider" the statutory factors. The judge referred to all the factors individually, on some of which there was no evidence. The defendant seasonably objected to the failure to use the word "shall" in all instances. Reading the charge as a whole, we conclude that the jury were

---

[6] It is unclear why the indictment did not refer to single purpose objects that were clearly drug paraphernalia rather than to certain more ambiguous items seized in the store.

adequately instructed to consider the listed factors and other relevant factors.

(d) None of the defendant's claims of prosecutorial misconduct is worthy of discussion.

*Judgment affirmed.*