COMMONWEALTH *vs.* GEORGE CONEFREY, SR.

No. 92-P-966.

Barnstable. May 12, 1994. - September 20, 1994.

Present: WARNER, C.J., SMITH, & GILLERMAN.

Further appellate review granted, 418 Mass. 1110 (1994).

*Practice, Criminal,* Instructions to jury, Verdict. *Indecent Assault and Battery. Constitutional Law,* Jury. *Jury and Jurors. Due Process of Law,* Vagueness of statute.

Discussion of State and Federal law on the issue of unanimity instructions to the jury, in particular, specific unanimity instructions. [293-297]

At the trial of an indictment alleging indecent assault and battery on a child under the age of fourteen on "divers dates," in which the evidence consisted of approximately seven incidents, the judge erred in refusing to instruct the jury, as requested by the defendant, that the jury must be unanimous in agreement on the specific act on which they might base a verdict of guilty [297], but the error was not prejudicial in the circumstances where, in light of the nature of the evidence and the judge's general unanimity instruction, the jury must have found unanimously that at least one of the incidents testified to had occurred, which was all that was required for conviction [297-299].

At the trial of an indictment for indecent assault and battery on a child under fourteen, the judge correctly instructed the jury on the nature of the intent required for conviction and correctly declined to instruct as the defendant requested that the Commonwealth must prove that the defendant's acts were for the purpose of sexual arousal or gratification. [299-301]

In a criminal proceeding there was no error creating a substantial risk of a miscarriage of justice with respect to the defendant's claim, first raised on appeal, that the statute, G. L. c. 265, § 13B, under which he was convicted was unconstitutionally vague or overbroad. [301-302]

INDICTMENT found and returned in the Superior Court Department on November 21, 1988.

Following review reported in 410 Mass. 1 (1991), the case was retried before *John J. Irwin, Jr.,* J.

*Edmund C. Mathers* for the defendant.

*Julia K. Holler*, Assistant District Attorney, for the Commonwealth.

WARNER, C.J. In November, 1988, a Barnstable County grand jury indicted George Conefrey for indecent assault and battery on his eight year old daughter, whom we shall refer to as Lisa, "on divers times and dates during 1986."[1] See G. L. c. 265, § 13B. The defendant was tried and convicted of violating G. L. c. 265, § 13B, in 1989, but the conviction was reversed on appeal because the defendant did not have a meaningful opportunity to exercise his right to self-representation. *Commonwealth* v. *Conefrey*, 410 Mass. 1 (1991). After retrial in August, 1991, the defendant was convicted for a second time.

In this appeal, the defendant alleges error in the trial judge's refusal to give two jury instructions: (1) that the jury must unanimously find one specific incident of indecent assault and battery in order to convict the defendant; and (2) that there is an element of sexual purpose or intent in G. L. c. 265, § 13B. In addition, the defendant argues for the first time on appeal that G. L. c. 265, § 13B, is unconstitutionally vague and overbroad. Although we agree with the defendant that there was error in the refusal to instruct on "specific unanimity," we affirm because the error did not prejudice the defendant.

The evidence at trial was that approximately seven incidents of indecent assault and battery occurred: three at the defendant's apartment in Falmouth and four at another apartment in West Falmouth. Lisa gave no specific dates for any of the incidents. Six of the incidents were of the same general description (hereafter the "bed incidents"): Lisa and the defendant were sitting on his bed watching television, and the defendant dropped his pants, exposed his penis and asked her to touch it. Although Lisa said that she did not want to touch his penis, the defendant said "it was okay"

---

[1]This indictment was sufficiently specific as to time because no precise dates were necessary. The date of the offense is not an element of the crime of indecent assault and battery. *Commonwealth* v. *Montanino*, 27 Mass. App. Ct. 130, 140 (1989).

and took her hand and put it there. The defendant also told Lisa that her mother "didn't need to know about it."

One of the seven incidents occurred in the shower at the defendant's apartment in West Falmouth (hereafter the "shower incident"). Lisa and the defendant were showering together, and the defendant rubbed his penis against Lisa's stomach.

In fresh complaint testimony, a Department of Social Services social worker corroborated Lisa's description of the "bed" and "shower" incidents of indecent assault and battery. A second fresh complaint witness, a State police investigator, corroborated Lisa's testimony regarding the six "bed" incidents. The Commonwealth did not present any other witnesses, and the defendant did not testify on his own behalf.

1. *Alleged errors in jury instructions.* Where there is a timely objection at trial and compliance with Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979),[2] the issue of whether the judge erred in charging the jury is properly preserved. The standard of review is prejudicial error rather than the standard of whether the omission of the instructions created a substantial risk of a miscarriage of justice. Cf. *Commonwealth* v. *Preziosi*, 399 Mass. 748, 752 (1987).

"The legal adequacy of a particular instruction to the jury can only be judged in the context of the whole charge, and not on the basis of limited or isolated portions of it." *Commonwealth* v. *Carrion*, 407 Mass. 263, 270 (1990). The judge began with general instructions on reasonable doubt, declaring that the jury was "bound to act conscientiously upon the evidence" to determine if the proof of the defendant's guilt was "proof beyond surmise or conjecture or speculation or some doctrine of probabilities or chances." After giving further general instructions on the credibility of witnesses and on the drawing of inferences, the judge instructed on the elements of indecent assault and battery. "[I]n order

---

[2]Rule 24(b) states, in part, "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, specifying the matter to which he objects and the grounds of his objection."

to prove that a touching is indecent," the judge explained, "it must be established that there was an act or a series of acts; and here in this allegation the Government has to establish that there was a series of acts, at least two, that were, indeed, indecent."[3] Near the conclusion of the charge, while addressing the foreperson and explaining the necessity for polling the jury, the judge declared that "there is no verdict until every juror subscribes to that verdict." Finally, the judge defined the verdict as "the truth as best twelve honorable jurors can determine that truth to be."

a. *Jury instruction on specific unanimity.* Near the conclusion of the jury charge, the trial judge gave a general unanimity instruction: "there is no verdict until every juror subscribes to that verdict. In short, whatever the verdict is, it has to be unanimous." The defendant had requested, instead, that the judge give a specific unanimity instruction: "[i]n order to convict the defendant you must unanimously agree beyond a reasonable doubt upon at least one incident." When defense counsel objected at the conclusion of the jury charge, the judge refused to give the instruction he requested.[4] The defendant contends that the judge's failure to instruct the

---

[3]Although the single-count indictment alleged "divers dates" of indecent assault and battery, the Commonwealth was required to prove only one act of indecent assault and battery in order to convict the defendant. See *Commonwealth* v. *Comtois,* 399 Mass. 668, 676 (1987)("[a] jury verdict must be unanimous as to each incident which is the basis of the jury's finding"). For example, in the Model Jury Instructions for Use in the District Court (Mass. Continuing Legal Educ. 1988), not applicable to this case, Instruction No. 2.12 directs that where several acts are alleged in a single count a judge should instruct the jury that they "may find the defendant guilty only if you all are unanimously agreed that . . . the defendant committed the crime on at least one, specific occasion."

[4]Defense counsel stated at side bar, "If they can't agree on any particular incident — like if six think that something happened in the shower and six thought something didn't happen in the shower, but maybe something happened in the bedroom, that would not be unanimous even though twelve agreed that something happened." The judge responded, "Oh, I'm not going to get into that. I don't think that I should really." The judge continued, "I think I'll tell them that where the Government — the Government has to prove — I think I told them beyond a reasonable doubt that there was more than one occurrence."

jury on "specific unanimity" violated his Federal constitutional rights.

Courts .have credited juries with "using robust intuition and good common sense [to] understand and act on the understanding that a general instruction about unanimity implicitly calls for more specific unanimity." *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. 170, 172 (1986). Where a general unanimity instruction is given, we presume that each juror followed it unless there is evidence to the contrary. *Commonwealth* v. *Sylvester*, 400 Mass. 334, 340 (1987). "[A] specific unanimity instruction indicates to the jury that they must be unanimous as to which specific act constitutes the offense charged"; i.e., as here, which particular incident of indecent conduct led to the conviction for indecent assault and battery. *Commonwealth* v. *Keevan*, 400 Mass. 557, 566-567 (1987).

Our appellate courts have twice addressed the need for a specific unanimity instruction. In *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. at 172, this court "assume[d] . . . that a judge would be obliged to give a specific [unanimity] instruction if the defendant requested it in accordance with the normal procedure of Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979)." In *Commonwealth* v. *Comtois*, 399 Mass. 668, 676-677 n.11 (1987), the court commented, without deciding, that a judge should honor a defendant's request for a specific unanimity instruction. In both the *Comtois* and *Lemar* cases, the question was whether a judge's failure to give a specific unanimity instruction sua sponte (where none was requested at trial) created a substantial risk of a miscarriage of justice. This is the first case involving allegations of separate incidents of criminal conduct in which we address the refusal to give a specific unanimity instruction after a proper request and a timely objection. Cf. *Commonwealth* v. *Ramos*, 31 Mass. App. Ct. 362, 367 (1991)(no error where judge rejected defendant's request for specific unanimity instruction, where prosecution alleged one event and alternative theories of guilt).

We do not constrain jurors to agree unanimously on one theory of culpability for a single charged offense, but we may require that a conviction be based on unanimous agreement as to which specific act constitutes the offense charged. See *Commonwealth* v. *Ramos*, 31 Mass. App. Ct. at 367. Where a statute disjunctively proscribes several methods for committing an offense, the Commonwealth can prove a violation of that statute by proof of any one method; unanimity as to a certain method (e.g., type of weapon, mental state) is not required. See *Commonwealth* v. *Murphy*, 415 Mass. 161, 164 (1993). See also *Schad* v. *Arizona*, 501 U.S. 624 (1991)(held specific unanimity not required as to mental state for first degree murder, where evidence supported conviction for premeditated or felony murder). Where there are "alternative sets of facts or episodes which support a finding of guilty" (e.g., "divers" dates or times), however, the jury must reach a unanimous verdict as to at least one of those specific sets of facts or episodes. See *Commonwealth* v. *Comtois*, 399 Mass. at 676; *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. at 173.[5]

As we noted in *Lemar*, 22 Mass. App. Ct. at 172, the issue of specific unanimity "has had some vogue in Federal courts."[6] See *United States* v. *Holley*, 942 F.2d 916, 926 (5th Cir. 1991), cert. denied, 114 S. Ct. 77 (1993)(general unanimity instruction usually sufficient unless there is "genuine possibility" that jury were confused or that basis of con-

---

[5] Where the more lenient standard of review for a substantial risk of a miscarriage of justice is applied, an analysis of the sufficiency of the evidence is critical. "[A] general [unanimity] instruction is enough to support a conviction, at least where the evidence with respect to each episode, incident, or the like was so strong as to defeat a motion for a required finding of not guilty." *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. at 172 (citations omitted).

[6] Where a particular case has called for specific unanimity as to the underlying factual issues, some circuits have identified a right under the Sixth Amendment to the Federal Constitution, but the Supreme Court has recently declared that a due process analysis is more appropriate. See *Schad* v. *Arizona*, 501 U.S. at 634 n.5. The Court recognized as fundamental the assumption of our criminal justice system "that no person may be punished criminally save upon proof of some specific illegal conduct." *Id.* at 633 (citations omitted).

viction was different jurors concluding that defendant committed different acts). Accord *United States* v. *Schiff,* 801 F.2d 108, 114-115 (3d Cir. 1986), cert. denied, 480 U.S. 945 (1987); *United States* v. *Sanderson,* 966 F.2d 184, 187 (6th Cir. 1992); *United States* v. *Sayan,* 968 F.2d 55, 65 (D.C. Cir. 1992); *United States* v. *Hager,* 969 F.2d 883, 891 (10th Cir.), cert. denied, 506 U.S. 964 (1992); *United States* v. *Gruenberg,* 989 F.2d 971, 975 (8th Cir.), cert. denied, 114 S. Ct. 204 (1993).

"[J]uror disagreement as to the critical facts of the offense might reflect a 'reasonable doubt' that the defendant actually engaged in criminal activity." *United States* v. *Correa-Ventura,* 6 F.3d 1070, 1078 (5th Cir. 1993) (general unanimity instruction sufficient where jury not likely to confuse evidence with respect to use of various firearms in determining whether defendant knowingly carried a single firearm during drug trafficking activities). "[F]actual concurrence must be viewed on a case-by-case basis to . . . ensure that the purposes of unanimity are satisfied." *Id.* at 1082. See and compare *United States* v. *Payseno,* 782 F.2d 832, 835-837 (9th Cir. 1986)(specific unanimity instruction required where complex evidence of separate acts of extortion at different locations and times by various individuals created risk of jury confusion). See generally Howe, Jury Fact-Finding in Criminal Cases: Constitutional Limits on Factual Disagreements Among Convicting Jurors, 58 Mo. L. Rev. 1, 21-47 (1993). It is incumbent upon the court to determine "which 'fact[s] [are] necessary to constitute the crime,' . . . and to require consensus on these 'facts.' " *United States* v. *Correa-Ventura, supra* at 1078, quoting from *In re Winship,* 397 U.S. 358, 364 (1970).[7]

---

[7]For example, in *United States* v. *Holley,* 942 F.2d at 929, the Fifth Circuit reversed a perjury conviction on a multi-count indictment in which each count contained several allegedly perjured statements. The court concluded that the judge's instructions undermined the purposes of unanimity by inviting the jurors to conclude that they were "*individually* required to find at least one statement in each count to have been knowingly false," rather than unanimously agreeing that there was one false statement in each count (emphasis in original). In contrast, in *United States* v. *Ferris,*

In light of Massachusetts and prevalent Federal precedent, we hold that it is error to decline to give an instruction on specific unanimity that the defendant has properly requested. "[I]f evidence of three different episodes of sexual abuse is offered to the jury, any one bundle of evidence being sufficient to support a guilty finding, the jury is to be instructed that they must be unanimous in their findings as to any specific bundle of facts; they may not mix nonunanimous findings about the several episodes to come up with a general verdict of guilty." *Commonwealth* v. *Ramos*, 31 Mass. App. Ct. at 366 (interpreting *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. at 172). Such was the danger here in the absence of a specific unanimity instruction. If a defendant makes the tactical decision that specific unanimity is consistent with the theory of defense and takes the required steps to request an instruction, that defendant is entitled to receive it. Compare *Commonwealth* v. *Corriveau*, 396 Mass. 319, 340 (1985)(trial judge not required to give instruction concerning alibi unless defendant requests it), with *Commonwealth* v. *Gilchrist*, 413 Mass. 216, 218-219 (1992)(trial judge required to give instruction concerning defendant's right not to testify upon defendant's request).

The Commonwealth has, nevertheless, made a sufficient showing that this error was harmless beyond a reasonable doubt. See *Commonwealth* v. *Hanger*, 377 Mass. 503, 511 (1979); *Commonwealth* v. *Freeman*, 29 Mass. App. Ct. 635, 642-643 & n.9 (1990)(discussing *Chapman* v. *California*, 386 U.S. 18, 20-24 [1967], and harmless error analysis). See also *Commonwealth* v. *MacDonald (No. 1)*, 368 Mass. 395, 399 (1975), and cases cited. Contrast *Commonwealth* v. *Rios*, 412 Mass. 208, 214 (1992) (violation of right to confrontation held prejudicial where effect of having defendants

---

719 F.2d 1405, 1407 (9th Cir. 1983), the Ninth Circuit affirmed a conviction for three related drug offenses because "[t]he case was sufficiently simple and clear in its presentation [so] that unanimity can be assumed based on the general instruction." At issue were various acts by which the defendant may have knowingly possessed the drugs, and the court concluded that "the various acts were not inconsistent with each other" and the likelihood of disagreement among jurors was slim.

in courtroom was impossible to demonstrate). While the defendant's right to unanimity is certainly a "substantial" one, it appears that the "subjective state of certitude" guaranteed by *In re Winship*, 397 U.S. at 364, was provided in the circumstances of this case.

The evidence here was not complex, contrast *United States v. Payseno*, 782 F.2d at 835-837, and Lisa's descriptions of the "bed incidents" and the "shower incident" were not likely to confuse the jury. Compare *United States v. Correa-Ventura*, 6 F.3d at 1086. Assuming as we must that the jury followed the judge's instructions in convicting the defendant, the jury unanimously determined that at least two indecent acts occurred in the events recounted by Lisa. (See the text accompanying note 3, *supra.*) Constituting the two indecent acts were either two "bed incidents" or one "bed incident" coupled with the "shower incident." In either scenario, a "bed incident" led to a unanimous verdict to convict the defendant. Because Lisa's testimony regarding all six "bed incidents" was uniform, no rational juror could have concluded that one of the bed incidents constituted indecent assault and battery but the other five did not. Moreover, the quantity and quality of the evidence was sufficient for a conviction based on Lisa's general description of all of the "bed incidents."[8] Thus, following the instructions, in order to find at least two indecent acts, the jury must have found unanimously that at least one of the "bed incidents" occurred,

---

[8]*Commonwealth* v. *Lemar*, 22 Mass. App. Ct. at 172, highlights the significance of the fact that there was sufficient evidence for a conviction on either or both the "bed incidents" and the "shower incident." "The effect of Federal decisions . . . [applying the "plain error" standard] is that a general instruction is enough to support a conviction, at least where the evidence with respect to each episode, incident, or the like was so strong as to defeat a motion for a required finding of not guilty." *Ibid.* Similarly, under the "substantial risk of a miscarriage of justice" standard applied in *Lemar*, where there was sufficient evidence to support a conviction, it did "not appear likely that the jury verdict would have been different, had the judge added to his instructions." *Id.* at 173. Because even the defendant apparently concedes that the motion for a required finding of not guilty was correctly denied, there was no substantial risk that justice was miscarried in this case.

which is all that was required to convict the defendant. See *Commonwealth* v. `Comtois`, 399 Mass. at 676. In effect, then, the defendant received the same safeguard of unanimous factfinding that he would have received through an instruction on specific unanimity. Under these circumstances, there was no prejudice in denying the request for a specific unanimity instruction.

b. *Jury instruction on elements of indecent assault and battery on a child.* The defendant requested that the judge instruct the jury that the Commonwealth was required to prove, beyond a reasonable doubt, "that the touching was for the purpose of sexual arousal, gratification, or offense." The judge did not make any reference to sexual purpose or arousal in his instructions.[9] At the conclusion of the jury charge, when defense counsel objected, the judge refused to give the instruction.

The defendant constructs the following argument. By failing to include his requested instruction on sexual arousal, G. L. c. 265, § 13B, invites confusion over what is indecent. Unless the statute is restricted to a touching made for sexual gratification, a "parent could be convicted for patting his minor child on the rear or bathing his infant or disabled child."

The defendant's proposed jury instruction is an erroneous statement of law because it suggests that indecent assault and battery on a child is a specific intent crime. The judge correctly instructed the jury that the "touching" that is alleged to be indecent should be "intentional and deliberate." See *Commonwealth* v. *Knap*, 412 Mass. 712, 714-715

---

[9]The judge instructed the jury that the Commonwealth "ha[s] to prove to you that this Defendant engaged, if you will, or intended to engage in touching her. Intended to. That is, he intended to touch her; and he had formulated that intent in his mind. How does the Government prove intent? From all of the facts and all of the circumstances and all of the inferences that you can reasonably find to have been established in the case. They have to prove that having that intent that he did, in fact, commit a touching of her. No matter how slight, but he did, in fact, touch her body. Or in the alternative, compel her to touch his body; and that that touching was, indeed, indecent."

(1992).[10] Placed "in the same category as statutory rape," indecent assault and battery on a child is a strict liability crime. *Ibid.*

The definition of indecent assault and battery on a child turns not on the state of mind of the defendant but on the nature of the conduct itself, viewed objectively in light of "contemporary moral values." To be "indecent," an act need not be for the purpose of sexual gratification or arousal. The measure of indecency is "common understanding and practices." *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. 52, 59 (1982)(interpreting G. L. c. 265, § 13H, prohibiting indecent assault and battery on "person who has attained age fourteen"), quoting from *Commonwealth* v. *Jarrett*, 359 Mass. 491, 497 (1971). See *Commonwealth* v. *Gallant*, 373 Mass. 577, 589-590 (1977). Like other statutes enforcing "community values [that] still strongly condemn the sexual victimization of minors," the purpose of G. L. c. 265, § 13B, is to protect minors from sexual exploitation. *Commonwealth* v. *Benoit*, 26 Mass. App. Ct. 641, 645 (1988) (interpreting G. L. c. 272, § 35A, prohibiting "unnatural and lascivious acts").

Instructing on an element of intent for sexual arousal or gratification alters the accepted meaning of the term "indecent." The nature of the defendant's particular indecent acts suggests implicit limits on the concept of "indecency." *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. 36, 44 (1985) (interpreting G. L. c. 265, § 13H). The acts classified as "indecent" in this case were well within the boundaries established in *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. at 59 (fondling of breasts and touching of buttocks and pubic area constituted indecent assault and battery), and in *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 185 (1991) (placing of hand on buttocks in suggestive manner constituted in-

---

[10]Nonconsent is only an element of indecent assault and battery for victims over fourteen. The Legislature enacted St. 1986, c. 187, which amended G. L. c. 265, § 13B, by declaring that a child under the age of fourteen is incapable of consenting to any conduct that constitutes indecent assault and battery.

decent assault and battery). Thus, the trial judge appropriately rejected the defendant's proposed jury instruction on intent.

2. *The constitutionality of G. L. c. 265, § 13B.* The defendant did not raise this issue in a pretrial motion under Mass.R.Crim.P. 13(c), 378 Mass. 872 (1979), or in his argument for a required finding of not guilty. See *Commonwealth v. Jasmin,* 396 Mass. 653, 655 (1986)(challenge to vagueness statute as applied "need not be raised until the Commonwealth has presented its evidence"); *Commonwealth v. Oakes,* 407 Mass. 92, 94 (1990). Nevertheless, he argues that his motion for a required finding of not guilty (without explicitly raising an overbreadth or vagueness argument) and his requests for jury instructions sufficiently preserved his appellate rights. Because neither the motion nor his requests placed the issue before the trial judge, appellate review of the constitutionality of the statute as applied should be limited to whether there was a "serious and obvious error creating a substantial risk of a miscarriage of justice." *Commonwealth v. Oakes, supra* at 94-95, quoting from *Commonwealth v. Pares-Ramirez,* 400 Mass. 604, 609 (1987).

The defendant hinges his argument on the premise that G. L. c. 265, § 13B, infringes on "family life" activities that are constitutionally protected, "sweeping within its reach behavior which nearly everyone would consider decent and appropriate."[11] A statute "is not vague simply because 'it re-

---

[11]The foundation of this argument in the First Amendment to the Federal Constitution is tenuous. Conduct constituting indecent assault and battery must be " 'sufficiently imbued with elements of communication,' " *Texas v. Johnson,* 491 U.S. 397, 406 (1989), quoting from *Spence v. Washington,* 418 U.S. 405, 409 (1974), in order to qualify for protection under the First Amendment. Even if the conduct has such elements of speech, "a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms." *Commonwealth v. Oakes,* 407 Mass. at 96, quoting from *United States v. O'Brien,* 391 U.S. 367, 376 (1968). See *Commonwealth v. Provost,* 418 Mass. 416, 420-421 (1994). Here, the Commonwealth has a compelling interest in protecting the well-being of children, and "the interest in protecting minors from exploitation falls within an area in which States traditionally have exercised the police power." *Commonwealth v. Oakes, supra* at 97.

quires a person to conform his conduct to an imprecise but comprehensible normative standard. . . .' *Commonwealth* v. *Williams*, 355 Mass. [302,] 304 [1985], quoting from *Commonwealth* v. *Orlando*, 371 Mass. 732, 734 (1977)." *Commonwealth* v. *Benoit*, 26 Mass. App. Ct. at 646 (unsuccessful vagueness challenge to prohibition of "unnatural and lascivious act"). See *Commonwealth* v. *Gallant*, 373 Mass. at 589 (unsuccessful constitutional challenge to statute prohibiting "unnatural sexual intercourse" with a child under sixteen). The term indecent provides a "reasonable opportunity for a person of ordinary intelligence to know what is prohibited." *Commonwealth* v. *Jasmin*, 396 Mass. at 655 (vagueness challenge to "anti-drug paraphernalia act").

The conduct in which the defendant engaged falls well within the boundaries of previous decisions upholding convictions for indecent assault and battery on a child. See *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. at 59 (which predated all 1986 incidents in this case); *Commonwealth* v. *Bibby*, 35 Mass. App. Ct. 938, 942 (1993) (denying vagueness challenge to G. L. c. 272, § 53A, prohibiting sexual conduct for a fee, this court declared "there is no mystery that fondling a woman's breasts is sexual conduct"). In his charge, the judge properly used specific examples of indecent conduct and called upon the jurors to determine whether the defendant's acts were "intentional acts of lewd exposure offensive to one or more persons." See *Commonwealth* v. *Benoit*, 26 Mass. App. Ct. at 649. Thus, in light of the defendant's unavailing arguments that G. L. c. 265, § 13B, is unconstitutional, there is no substantial likelihood that justice was miscarried in the circumstances of this case.

*Judgment affirmed.*