[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 9, 2008
THOMAS K. KAHN
CLERK

No. 08-11420
Non-Argument Calendar

_____

D. C. Docket No. 07-00214-CR-ORL-31-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCIS DULLEA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 9, 2008)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Francis Dullea, convicted of one count of possessing child pornography under 18 U.S.C. § 2252A(a)(5)(B), appeals his 120-month sentence after the district court applied an enhanced penalty under 18 U.S.C. § 2252A(b)(2). The district court determined that Dullea's prior Massachusetts conviction for indecent assault and battery on a child under fourteen qualified, for the purposes of § 2252A(b)(2)'s ten-year mandatory minimum sentence, as a prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." 18 U.S.C. § 2252A(b)(2)(2007). We AFFIRM.

## I.  BACKGROUND

In 1991, Dullea was convicted of a criminal offense in the Commonwealth of Massachusetts. Initially, he was charged with a violation of Chapter 265, Section 23 of the laws of Massachusetts, which prohibits sexual intercourse with a child under sixteen. R1-29, Exh. 1 at 69. Dullea was ultimately convicted of a lesser offense – a violation of Chapter 265, Section 13B ("Section 13B") which prohibits "indecent assault and battery on a child under the age of fourteen" R1-29, Exh. 2 at 1 – and sentenced to sixty days in a house of correction, with all but ten days suspended, followed by one year of probation. R1-29, Exh. 1 at 66. Because Dullea did not go to trial, or plead guilty or no contest, but rather

"admitted to sufficient facts" under Massachusetts law, no written plea agreement or plea colloquy or explicit factual findings by the state trial judge existed for the district court to consider for sentencing purposes after his conviction for possession of child pornography.[1] R1-37 at 112. Nonetheless, the district court adjudged Dullea guilty and sentenced him to 120 months, the mandatory minimum sentence under § 2252A(b)(2).

On appeal, Dullea argues that his Section 13B conviction does not qualify under § 2252A(b)(2) for sentencing enhancement purposes because Section 13B could capture conduct outside of the boundaries set forth in § 2252A(b)(2). Because the district court knew only that Dullea admitted to sufficient facts to sustain a conviction on the 1991 indecent assault charge, but had no way of knowing what those facts might have been, Dullea contends that conduct that was not sexually motivated could be found to violate Section 13B but be outside the ambit of § 2252A(b)(2). As such, Dullea argues that the district court erred in

_____

[1] The district court notes that under Massachusetts law, "[a]n 'admission to sufficient facts' ... means an admission to facts sufficient to warrant a finding of guilty." R1-37 at 112 (quoting Commonwealth v. Duquette, 438 N.E.2d 334, 338 (Mass. 1982), superseded by statute, Mass. Gen. Laws ch. 278, § 18 (2007)).

ruling his Section 13B conviction a predicate offense for § 2252A(b)(2) enhancement purposes.[2]

## II. DISCUSSION

We review de novo whether a prior conviction qualifies as an offense for the purposes of the § 2252A(b)(2) sentencing enhancement. See United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008)(per curiam); United States v. Walker, 228 F.3d 1276, 1277 (11th Cir. 2000)(per curiam). "[I]n determining whether a prior conviction is a qualifying offense for enhancement purposes, we apply a categorical approach-that is, we look no further than the fact of conviction and the statutory definition of the prior offense." United States v. Llanos-Agostadero, 486 F.3d 1194, 1196-97 (11th Cir. 2007) (per curiam) (quotations and citation omitted). However, where the judgment and statute are ambiguous, we will remand to the district court to examine the facts underlying the predicate conviction, and "the district court is generally limited to relying only on the charging documents, written plea agreement, transcript of plea colloquy, and any

---

[2] Dullea also raises a rule of lenity argument. We conclude that this line of argument is without merit. As the Supreme Court held in Muscarello v. United States, 524 U.S. 125, 138, 118 S. Ct. 1911, 1919 (1998), "[t]he simple existence of some statutory ambiguity ... is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree."

explicit factual finding by the trial judge to which the defendant assented." Id. at 1197 (quotations, citations, and internal markings omitted).

In this case, the district court was effectively limited to consideration of the charging document and the statutory language of Section 13B and § 2252A(b)(5). As previously noted, the charging document provides only that Dullea was initially charged with sexual intercourse with a child under sixteen but was ultimately convicted of the lesser offense of indecent assault and battery on a child under the age of fourteen. We now consider the language of each statute in turn.

Section 13B does not define any of its terms. Massachusetts courts have held, however, that "[t]o be 'indecent,' an act need not be for the purpose of sexual gratification or arousal." Commonwealth v. Conefrey, 640 N.E.2d 116,123 (Mass. App. Ct. 1994), rev'd, 650 N.E.2d 1268 (Mass. 1995). The same courts have provided that "[a] touching is indecent when, judged by the normative standard of societal mores, it is violative of social and behavioral expectations, in a manner which is fundamentally offensive to contemporary moral values and which the common sense of society would regard as immodest, immoral and improper." Commonwealth v. Vasquez, 839 N.E.2d 343, 346 (Mass. App. Ct. 2005) (quotations and citation omitted). Dullea offers no Massachusetts case law in

which conduct was found to be indecent, and so violative of Section 13B, but not sexual in nature. We now consider the statutory language of § 2252A(b)(5).

"Whoever violates [18 U.S.C. § 2252A(b)(5)] shall be . . . imprisoned not more than 10 years . . . but, if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor . . . such person shall be . . . imprisoned for not less than 10 years nor more than 20 years." 18 U.S.C. § 2252A(b)(2)(2007). The phrase "relating to" has been defined by the Supreme Court in a different statutory context as broadly meaning "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with . . . ." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383, 112 S. Ct. 2031, 2037 (1992) (citation omitted) (interpreting 49 U.S.C. § 1305(a)(1)). Although we have not yet addressed § 2252A(b)(2)'s scope in this context, other courts have construed the "relating to" language as casting a wide net in interpreting § 2252A(b)(2). See, e.g., United States v. Sinerius, 504 F.3d 737, 743 (9th Cir. 2007) ("In short, § 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses equivalent to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense."). Moreover, we have affirmed the

6

application of the similar § 2252A(b)(1)[3] mandatory minimum sentence based on a prior state conviction for performing a lewd act in front of a minor, because such conviction related to abusive sexual conduct involving a minor. See United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (per curiam).

Upon review of the record and the parties' briefs, we discern no error by the district court. Applying the Supreme Court's broad interpretation of the phrase "relating to," Dullea's prior state conviction need only have had some association or connection with sexual abuse or abusive sexual conduct involving a minor to trigger the § 2252A(b)(2) sentence enhancement. As provided under Massachusetts law, Section 13B generally proscribes the touching of a child under fourteen in a manner that is immodest, immoral and improper. We agree with the district court that the standard set for a violation of Section 13B is sufficiently high as to bring it within the statutory language of § 2252A(b)(2) and so conclude that the district court did not err.

---

[3] 18 U.S.C. § 2252A(b)(1) provides for an enhanced range of punishment for a violation of § 2252A(a)(1)-(4) or (6) if the offender "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . ." 18 U.S.C. § 2252A(b)(1)(2007).

### III.  CONCLUSION

Dullea appeals the district court's determination that his prior Massachusetts conviction for indecent assault and battery on a child under fourteen qualified for § 2252A(b)(2)'s sentence enhancement.  We conclude that Dullea's Section 13B conviction is sufficiently related to sexual abuse or abusive sexual conduct involving a minor to support the application of § 2252A(b)(2)'s ten-year mandatory minimum sentence.  Accordingly, the judgment of the district court is **AFFIRMED.**