COMMONWEALTH *vs.* DEBORAH A. PROCTOR. June 10, 1986. *Common Night Walker. Practice, Criminal,* Required finding.

Deborah Proctor was convicted in a District Court of being a common night walker, habitually walking the streets in the nighttime for the purpose of prostitution. G. L. c. 272, § 53. The constitutionality of the statute was upheld in the face of a variety of challenges in *Thomes* v. *Commonwealth,* 355 Mass. 203, 206-207 (1969), and *Commonwealth* v. *King,* 374 Mass. 5, 10-21 (1977). In *Commonwealth* v. *An Unnamed Defendant, ante* 230 (1986), we had occasion to consider § 53 in the context of gender exclusive enforcement.

Here the attack is not on the statute's validity or unconstitutional application. Rather, the defendant urges that evidence of a specific and express act of solicitation is required to prove the offense. In the absence of such evidence, the defendant says she was entitled to a required finding of not guilty, an order or which she made timely motion. We read *Commonwealth* v. *King,* 374 Mass. at 14, as accepting circumstantial evidence to make out a case under § 53, and not requiring evidence of solicitation through testimony of the person propositioned or of someone who heard a proposition made. In *King* the court said that "[t]he time, place, and frequency of King's conduct warrant an inference that on each occasion observed by the police King was soliciting men for illicit sexual intercourse." *Ibid.* That the court did not require evidence of a soliciting conversation with a prospective customer is established by note 7 appearing on page 14 in the *King* opinion. There the court noted that "[a]fter one arrest King's client apparently informed the arresting officer that King had solicited him for sex for hire. The other arrest had no evidence corroborating the solicitation aspect of this offense." *Ibid.* The second arrest was determined, nevertheless, to be lawful.

It is not, after all, extraordinary to have a charge of criminal conduct proved by circumstantial evidence. See *Commonwealth* v. *Donovan,* 395 Mass. 20, 25 (1985); *Commonwealth* v. *Walter,* 10 Mass. App. Ct. 255, 257 (1980). The evidence received in the case at bar was that on repeated occasions, over a period to two or three months, the arresting officer had seen the defendant on the corner of Piedmont Street and Jacques Avenue

in Worcester, an area frequented by prostitutes. Regularly, the officer testified, the defendant stands on the corner at night, converses with male motorists, and gets into their vehicles. On the night of her arrest, the defendant was at the usual location; a car driven by a man pulled up and stopped by her; the defendant talked to the man and started to enter his car; as the police officer approached, she began to walk away. We think that evidence meets the time, place, and frequency criteria of *Commonwealth* v. *King,* 374 Mass. at 14. Contrast *Commonwealth* v. *Ferguson,* 384 Mass. 13, 18 (1981).

It may well be that consistent failure of the police to produce, as witnesses or as defendants on a related charge, the men who have been approached is constitutionally offensive and would require dismissal of the complaints, as in *Commonwealth* v. *An Unnamed Defendant, supra.* In the instant case, however, that claim was not made, nor was that relief sought. On the record of this case, we have no basis for a disposition on the *An Unnamed Defendant* principle.

*Judgment affirmed.*

*Nona E. Walker,* Committee for Public Counsel Services, for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.