COMMONWEALTH *vs.* JAMES E. LAVIGNE.

No. 96-P-520.

Plymouth. September 18, 1996. - March 12, 1997.

Present: IRELAND, LAURENCE, & FLANNERY, JJ.

*Indecent Assault and Battery. Words,* "Sexual conduct."

At the trial of a complaint alleging indecent assault and battery on a person who has attained age fourteen, in violation of G. L. c. 265, § 13H, the Commonwealth satisfied its burden of proving beyond a reasonable doubt that the defendant "committed an intentional, unprivileged and indecent touching of the victim [314-316]; and the evidence supported the reasonable inference that the defendant offered to pay the victim to engage in "sexual conduct" contrary to G. L. c. 272, § 53A [316-318].

COMPLAINT received and sworn to in the Hingham Division of the District Court Department on March 9, 1995.

The case was heard by *James F.X. Dinneen,* J.

*David Michael Butler* for the defendant.

*Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.

LAURENCE, J. Erik, a seventeen year old high school junior, decided to hitchhike home from his after-school job when he got out of work late in the afternoon of a cold December day. He was offered a ride by the defendant, James E. Lavigne, and entered the front passenger seat of the defendant's car. After a brief conversation about Erik's studies and plans to become an electrician, the defendant asked Erik if he "wanted to make some money." Assuming that the defendant was interested in having some electrical work done, Erik inquired "doing what?" At that point, the defendant put his right hand on Erik's upper left thigh, within a few inches of the genitals, reached down into the inner area of the thigh, and massaged the area in a manner Erik later testified "was like I'd give my girlfriend."

Erik pushed the defendant's hand away, saying, "No, I don't do that." The defendant then asked Erik if he "had ever tried it before." In response to Erik's repeated protest that "I don't do that," the defendant asked if Erik "had ever like thought about it." Shortly thereafter, upon Erik's request, the defendant let him out of the car. Erik soon contacted the police regarding the incident, and the defendant was eventually charged with a nonconsensual "indecent assault and battery on a person who has attained age fourteen," in violation of G. L. c. 265, § 13H, as inserted by St. 1980, c. 459, § 2, and "offer[ing] to pay another person to engage in sexual conduct," contrary to G. L. c. 272, § 53A, as inserted by St. 1983, c. 66, § 2.

The defendant was convicted of both charges after a District Court bench trial, at which the facts described above were presented through Erik's testimony and a courtroom demonstration by Erik of where and how the defendant had touched him. The defendant's appeal postulates the insufficiency of evidence to establish the essential elements of either crime. He contends that what he did was not indecent as matter of law because it did not involve a commonly understood "private part"; and that the "momentar[y] touch[ing] of [Erik's] thigh and . . . general comments about making some money" could not be construed as soliciting any type of sexual conduct involving commonly understood private parts.

Unpersuaded by the defendant's arguments, we affirm his convictions.

1. *Indecent assault and battery.* The test for indecent assault and battery — a statutory crime without distinct common law antecedent or relevant legislative history — is an objective one that is bounded by " 'contemporary moral values' . . . . The measure of indecency is 'common understanding and practices.' " *Commonwealth* v. *Conefrey*, 37 Mass. App. Ct. 290, 300 (1994), *S.C.*, 420 Mass. 508 (1995), quoting from *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. 52, 59 (1982). A touching is indecent when, judged by the "normative standard" of societal mores, it is "violative of social and behavioral expectations," *Commonwealth* v. *Gallant*, 373 Mass. 577, 580-581, 589 (1977), in a manner "which [is] fundamentally offensive to contemporary moral values . . . [and] which the common sense of society would regard

as immodest, immoral and improper." *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. 181, 184 (1991), quoting from *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. 36, 43 (1985). So defined, the term "indecent" affords a "reasonable opportunity for a person of ordinary intelligence to know what is prohibited." *Commonwealth* v. *Conefrey*, 37 Mass. App. Ct. at 302, quoting from *Commonwealth* v. *Jasmin*, 396 Mass. 653, 655 (1986).

Under this standard, the Commonwealth satisfied its burden of proving beyond a reasonable doubt that the defendant "committed an intentional, unprivileged and indecent touching of the victim." *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. at 184, quoting from *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. at 43. The judge found — a determination not claimed by the defendant to be legally erroneous or factually unwarranted — that the defendant had, deliberately and intentionally, touched Erik "fairly high up on his thigh. It was over the top of his thigh and it reached down . . . as [Erik] demonstrated it, into the inner area of the thigh and . . . the defendant's hands or fingers were within three inches of [Erik's] genitals."

The "inner thigh" is, under our contemporary views of personal integrity and privacy — whether clothed or unclothed — a body part that our law views as requiring protection from improper touching. See G. L. c. 12, § 11L, as inserted by St. 1994, c. 360 (penalizing various forms of undesirable "sexual contact" with patients by health care professionals, including the "intentional touching . . . of the patient's . . . genital area, groin, [or] inner thigh . . . or the clothing covering any of these body parts"). See also *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. at 184 (construing *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. at 59, as holding that "the intentional, unjustified touching of private areas such as 'the breasts, abdomen, buttocks, thighs, and pubic area . . .' constitutes an indecent assault and battery"); Model Jury Instructions for Use in the District Court, Instruction 5.403 (1995) (an unjustified touching of another person is indecent "if it involves touching portions of the anatomy commonly thought private, such as a person's genital area or buttocks, or . . . breasts"). Cf. *State* v. *Samson*, 388 A.2d 60, 63 (Me. 1978) (indecent touching of young girl's "crotch" by placing hand on the outside of her pants is as

"abhorrent to society" as a touching of the flesh and is not insulated from the reach of the criminal statute); *People* v. *Graydon,* 129 Misc. 2d 265 (N.Y. Crim. Ct. 1985) (the leg is an "intimate" body part, the unconsented-to rubbing of which is statutory "sexual abuse in the second degree").

The judge was entitled to find, on the evidence he heard and viewed, that the defendant's touching had not merely involved the inner thigh but, because of the proximity of the defendant's fingers to Erik's genitals, had actually extended to the "genital area," the "pubic area," or the "groin" area, as commonly understood. See The American Heritage Dictionary of The English Language 798 ("groin . . . . The crease or hollow at the juncture of the inner part of each thigh with the trunk, together with the adjacent region and often including the external genitals") and 1464 (3d ed. 1992) ("pubic . . . . Of, relating to, or located in the region of the pubis . . . . The forward portion of either of the hipbones, at the juncture forming the front arch of the pelvis . . . . Short for New Latin [*os*] *pubis,* [bone] of the groin").

Had the judge entertained any doubt that the defendant's touching of Erik's inner thigh violated community values, it was plainly dispelled by his consideration of all the circumstances of the act. See *Commonwealth* v. *Mosby,* 30 Mass. App. Ct. at 185 (touching of buttocks together with simultaneous verbal proposition with "distinctly sexual overtones" warranted finding of indecent assault and battery). See also *People* v. *Graydon,* 129 Misc. 2d at 268-269 (to determine if a body part is an "intimate" part, the nonconsensual touching of which is a crime, the entire context of the offensive touching must be examined). The judge weighed both the manner of the physical contact — a pressing of the thigh with the defendant's entire hand that felt to Erik like an intimate massage rather than a fleeting, casual, innocuous brush or bump — and the defendant's sexually suggestive inquiries accompanying the contact, which were immediately understood by Erik to be an invitation to a sexual encounter. The judge factored those incidents into his conclusion that the totality of the particular acts by the defendant, *Commonwealth* v. *Perretti,* 20 Mass. App. Ct. at 44, constituted assaultive conduct which society deems indecent. His analysis was unimpeachable.

2. *Offering to pay for engaging in sexual conduct.* The de-

fendant acknowledges that the evidence showed an offer to pay for some sort of conduct and that the test of "sexual conduct" under G. L. c. 272, § 53A, is a broad one coextensive with common understanding. See *Commonwealth* v. *Walter*, 388 Mass. 460, 463-464 (1983). He contends, however, that the Commonwealth failed to prove exactly what sort of conduct he was soliciting and suggests that it could as easily have been inoffensive activity, such as a simple massage, rather than conduct of a sexual nature.

The strict evidentiary standard urged by the defendant is not one the Commonwealth is compelled to satisfy in a § 53A case. Like virtually all crimes, a violation of that statute may be established by entirely circumstantial evidence of, and inferences based on, a defendant's observed conduct. Proof of specific or express acts of solicitation is not required. See *Commonwealth* v. *Proctor*, 22 Mass. App. Ct. 935, 936 (1986).

The judge could properly evaluate the challenged conduct in light of the entirety of the circumstances; apply common understanding reflecting contemporary mores to that evaluation; and, like all fact finders deciding issues of guilt or innocence, draw inferences and conclusions based on common sense and life experience. See *Commonwealth* v. *Cordle*, 412 Mass. 172, 178 (1992). Having done so, he could appropriately reach two conclusions on this record, both inculpatory. He could reasonably infer that the defendant's proposal, in conjunction with his massaging of the inner thigh next to Erik's genitals, indicated a solicitation of either receiving or administering a manual massage or other manipulation of genitals, either his or Erik's. Such an act is unquestionably sexual conduct violative of § 53A when offered or requested for a fee. *Commonwealth* v. *Walter*, 388 Mass. at 463-463.

The judge could also base a finding of guilt on the indecent nature of the sexually intimate contact coupled with the defendant's offer to pay for a form of sexual activity unmistakenly communicated by that contact, which represented the defendant's unhesitating response to Erik's inquiry about what he had to do to earn the money being offered. In context, the "it" discussed by the defendant with Erik was not at all ambiguous, as the defendant contends. "It" was, rather, a distinctly suggestive euphemism for a sexual act between males. Erik clearly understood it as such. The judge rationally concluded that the inference that the defendant sought to pay

for such sexual conduct was "compelling." For our part, we find it improbable that any competent adult, informed by common sense, life experience, and contemporary values, would reach any different conclusion, or would be surprised to learn that the defendant's words and deeds amounted to an offer to pay for a type of sexual conduct which § 53A proscribes. Cf. *Commonwealth* v. *Nuby*, 32 Mass. App. Ct. 360, 363 (1992).

*Judgments affirmed.*