Lauriat, Peter M., J.
Steven Yonaitis (“Yonaitis”) stands indicted on five counts of indecent assault and batteiy on a child under fourteen. He seeks to dismiss indictment no. 002 against him on the ground that he is not accused of touching the alleged victim as required under G.L.c. 265, §13B, and alternatively, that the statute is unconstitutionally vague if it “intended to extend to cases where a defendant directed another to touch himself.”
The five indictments arose from multiple incidents allegedly occurring between 1996 and 1999, and concerned the same victim, “Carl,” Yonaitis’s stepson. The incidents took place between the time the victim was eleven and fourteen years of age. The Commonwealth presented three witnesses to a grand jury sitting in Cambridge: SAIN interviewer Margaret Leavitt, Carl’s mother, and Detective Michael Munger of the Water-town police department.
Margaret Leavitt testified that when Carl was ten or eleven year old, Yonaitis first directed Carl to masturbate. Yonaitis had informed Carl that this would help Carl overcome his issues as to prior sexual abuse by his father, and indicated that he should not tell anyone because they would not understand. Yonaitis further directed that Carl masturbate in Yonaitis’s presence while he watched.
Carl’s mother provided testimony that Yonaitis would make Carl perform self-masturbation until he ejaculated, which he indicated would help relieve Carl’s tension. On one occasion, Carl’s mother witnessed Yonaitis sitting on the corner of Carl’s bed, as Carl attempted to masturbate while looking at pornographic magazines. Further, when Yonaitis was away from the residence, he would call Carl to make sure he had masturbated that day.
This conduct continued until Carl refused Yonaitis’s direction, at the age of thirteen or fourteen.
*152 DISCUSSION
In the present case, the Commonwealth must have presented the grand jury with enough evidence to establish probable cause to believe that Yonaitis committed the crime of indecent assault and batteiy on a child under fourteen. G.L.c. 265, § 13B, Commonwealth v. Fryar, 414 Mass. 732, 744 (1993). While the quantum of evidence required to support an indictment is “less exacting” than that required for a guilty finding, the evidence must still support the charge alleged. Commonwealth v. Colon, 431 Mass. 188, 193 (2000); Commonwealth v. DePace, 442 Mass. 739, 744 (2004). Yonaitis argues that there was no touching of the victim, but only the victim’s touching of himself. Therefore, he maintains that no criminal liability exists under G.L.c. 265, § 13B.
General Laws c. 265, § 13B provides in relevant part: “Whoever commits an indecent assault and batteiy on a child under the age of fourteen shall be punished by imprisonment... In a prosecution under this section, a child under the age of fourteen shall be deemed incapable of consenting to any conduct of the defendant for which said defendant is being prosecuted.” While the statute fails to define the specific conduct prohibited, “decisional law has set forth the type of conduct that forms the basis of a conviction under the statute.” Commonwealth v. Rosa, 62 Mass.App.Ct. 622, 624-25 (2004).
Indecent assault and batteiy under G.L.c. 265, § 13B requires proof that “the defendant committed an intentional, unprivileged, and indecent touching of a child.” Commonwealth v. Vasquez, 65 Mass.App.Ct. 305, 306 (2005). Commonwealth v. Candelora, No. 02-P-110, 60 Mass.App.Ct. 1109, 2003 WL 22992125, at *3 (Dec. 19, 2003) (Rule 1:28 decision) (requiring as an element that the touching be indecent), and cases cited. Indecent assault and batteiy of a child requires proof of the following elements: (1) “that the alleged victim was under 14 years of age”; (2) “that the defendant intended to engage in the touching”; (3) “that the defendant committed a touching, however slight”; (4) “that the touching was harmful or offensive”; (5) “that the touching was indecent”; and (6) “that it was committed without justification or excuse.” Massachusetts Superior Court Criminal Practice Jury Instructions §2.17 (MCLE 1999). In addition the “Commonwealth must prove beyond a reasonable doubt that the defendant did in fact engage in a touching.” Id. (regarding the fourth element); e.g. Commonwealth v. Vasquez, 65 Mass.App.Ct. at 306 (touching must be a “physical touching”); id. (“[N]ot merely the reception by the visual senses of an obscene image”).
“Common understanding and practices” provide the benchmark for measuring indecency. Commonwealth v. Rosa, 62 Mass.App.Ct. at 624-25 (quoting Commonwealth v. De La Cruz, 15 Mass.App.Ct. 52, 59 (1982)). Applying “ ‘normative standard[s]’ of societal mores,” a touching is indecent where it counters “social and behavioral expectations in a manner which . . . fundamentally offend(s)... contemporaiy moral values and which the common sense of society . . . regard[s] as immodest, immoral and improper.” Commonwealth v. Rosa, 62 Mass.App.Ct. at 625. The evidence must be evaluated in the light of the attendant circumstances. Commonwealth v. Vasquez, 65 Mass.App.Ct. at 307.
Typically, courts deem the unjustified touching of sexual parts of a body, including the “breasts, abdomen, buttocks, thighs, and pubic area,” as indecent.[1] Commonwealth v. Rosa, 62 Mass.App.Ct. at 625. Yet that list is not exhaustive. Id. Courts may also consider the unjustified touching of other intimate parts of a body in light of the surrounding circumstances. Id. (“[I]ntimacy, as regards parts of the body, must be viewed within the context in which the contact takes place”). Various factors aid the court’s evaluation, including age or authority disparity, difference in level of experience or sophistication, the defendant’s use of force, and the existence of sexually suggestive comments. Id. at 626.
The facts of this case present no question regarding the sexual nature or intimacy of the concerned body part. Rather, the issue concerns the touching element of G.L.c. 265, § 13B, and whether that element includes the touching of the victim’s person by the victim’s own hand, at the defendant’s direction or command.
While fathomable that the circumstances here could warrant a determination that there was a touching (the victim’s masturbation), and that the touching was indecent, the court is unaware of any decision that either specifically addresses this issue or implies that this type of touching falls within the statute. Primarily, the case law arising from a charge or conviction of indecent assault and batteiy of a child under fourteen addresses the issue whether a certain touching could be considered a touching under G.L.c. 265, § 13B.[2] It focuses on either the defendant’s actual, physical touching of the victim, see cases cited infra note 3, or on the defendant’s direction to the victim that the victim indecently touch another, see Commonwealth v. Nuby, 32 Mass.App.Ct. 360, 363-64 (1992).
Further, the Appeals Court has both limited and expanded the concept of touching under G.L.c. 265, § 13B. The Court refused to include the separate crime of indecent assault under G.L.c. 265, § 13B, where a batteiy of indecent nature has not been proven. Commonwealth v. Eaton, 2 Mass.App.Ct. 113, 117 (1974) (“an assault of an indecent nature on a child under fourteen, with no batteiy, remains punishable under §13A as a simple, or common law assault”). Yet the Court included under the ambit of §13B situations where the defendant has directed a victim to touch a third person in an offensive manner. For example, in Commonwealth v. Nuby, 32 Mass.App.Ct. at 363-64, the Court upheld the trial judge’s instruction on indecent assault and batteiy which had “informed the juiy that the contact must be intentional and that the child must be under fourteen!,] . . . defined what constitutes indecent or offensive conduct!,] and told the jury that the perpetrator need not himself perform the indecent touch- *153 trig if he directs or commands the victim to touch a third person in a manner that would be offensive.” 32 Mass.App.Ct. at 363-64 (emphasis added); Commonwealth v. Poole, No. 02-P-1270, 60 Mass.App.Ct. 1100, 2004 WL 37683, at *1 (Rule 1:28 decision) (declining to depart from its holding in Commonwealth v. Nuby).
None of the cases cited references conduct where a defendant has directed a victim to touch him or herself, nor has any case made such conduct a crime under G.L.c. 265, § 13B. Although Commonwealth v. Nuby expanded G.L.c. 265, § 13B to include situations where the defendant makes a person victimize another person, it did not suggest or encourage the expansion of the touching concept to include the victim touching himself.
Even if touching under G.L.c. 265, §13B included the victim’s touching of his own person, the indictment’s dismissal is warranted. Yonaitis argues in the alternative that permitting the statute to encompass the touching of the victim by the victim’s own hand at the defendant’s direction would make the statute overbroad, and thus fail to provide fair notice. Commonwealth v. Quinn, 439 Mass. at 501 (2003). In support, Yonaitis foretells that allowing such an expansion would make the defendant’s directing of a victim over the phone to perform indecent acts to his own person a crime under G.L.c. 265, § 13B.
“A criminal statute must be sufficiently clear to give notice of . . . prohibited conduct.” Commonwealth v. Williams, 395 Mass. 302, 303-04 (1985). “A statute, the terms of which do not themselves provide clear guidelines, may nonetheless be sufficiently definite because of ‘judicial construction, common law meaning, or the statutory history of particular terms.’ ” Commonwealth v. Quinn, 439 Mass. at 499-500. Decisional law serves as a “definite warning of criminal culpability” for similar conduct. Commonwealth v. Nuby, 32 Mass.App.Ct. at 363. However, the court finds no such case law applicable to this issue. Instead, current decisional law has created a strong inference that G.L.c. 265, § 13B requires an unjustified, indecent, actual touching of the victim by another person, and there is no reason to depart from this limitation.
Lastly, the court recognizes that the test of indecency — weighing the alleged touching against societal norms — circumscribes its application. However, fair notice contemplates awareness of criminalized conduct before one engages in that conduct. Fair notice does not contemplate that the awareness come only after a trial, jury deliberation, and then verdict. Although the alleged actions of Yonaitis may be of a criminal nature, he cannot be charged with a crime he did not commit. Cf. Commonwealth v. Quinn, 439 Mass. at 499 (exposure of buttocks, while a crime under G.L.c. 272, § 16, did not provide the defendant with fair notice that deliberately exposing his buttocks while wearing a thong was illegal).
ORDER
For the foregoing reasons, the Motion to Dismiss Indictment No. 002 is ALLOWED.

Commonwealth v. Trowbridge, 419 Mass. 750, 757-58 (1995) (touching of genitals, buttocks or breasts); Commonwealth v. Holman, 51 Mass.App.Ct. 786, 792-93 (2001) (rubbing of child’s buttocks); Commonwealth v. Lavigne, 42 Mass.App.Ct. 313, 314-15 (1997) (massaging victim’s thigh); Commonwealth v. Mosby, 30 Mass.App.Ct. 181, 185 (1991) (touching of buttocks coupled with sexual overtones).

Commonwealth v. Quinn, 439 Mass. 492, 498 n.12 (2003) (discussing whether the defendant’s actual touch was an indecent touching under G.L.c. 265, § 13B); Commonwealth v. Vasquez, 65 Mass.App.Ct. at 307 (same); Commonwealth v. Rosa, 62 Mass.App.Ct. at 624-26 (same); see also Commonwealth v. Lavigne, 42 Mass.App.Ct. 313, 314-15 (1997) (discussing the proximity the defendant’s fingers on the victim’s thigh in relation to the victim’s genital area and whether the touching the inner thigh violated community values); Commonwealth v. Candelora,, 2003 WL 22992125, at *3 (holding victim’s head to watch pornographic videos did not suffice as indecent assault and battery of a child). Compare Commonwealth v. Conefrey, 420 Mass. 508, 509 n.3 (1995) (stating contentment of the appeals court’s analysis which provided that the Commonwealth need not also prove that the defendant’s “touching was for the purpose of sexual arousal, gratification, or offense”), with Commonwealth v. Eaton, 2 Mass.App.Ct. at 115 n.2 (noting that the trial court “accepted the defendant’s argument that the unbuttoning of the [victim’s] trousers did not constitute a battery sufficient to make out the crime described by G.L.c. 265, § 13B”); see also cases cited infra notes 1-2.