Hillsborough-southern judicial district
No. 2011-546

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH BAKUNCZYK

Argued: June 13, 2012
Opinion Issued: August 17, 2012

*Michael A. Delaney,* attorney general (*Susan P. McGinnis,* senior assistant attorney general, on the brief and orally), for the State.

*Bernstein, Mello & Chadwick, PLLC,* of Nashua (*Roger Chadwick* and *Adam Bernstein* on the brief, and *Mr. Chadwick* orally), for the defendant.

LYNN, J. After a jury trial, the defendant, Joseph Bakunczyk, was convicted of two counts of felonious sexual assault. *See* RSA 632-A:3, III (2007 & Supp. 2011). On appeal he contends that the Superior Court (*Nicolosi,* J.) erred in denying his motion to dismiss one of the charges for insufficiency of the evidence. We affirm.

RSA 632-A:3, III provides that a person is guilty of felonious sexual assault if such person "[e]ngages in sexual contact with a person other than his legal spouse who is under 13 years of age." The defendant challenges his conviction on the indictment alleging that he "engaged in sexual contact with [the victim] . . . by touching her genital area under her clothing . . . ." The defendant does not dispute that the evidence was sufficient to support a finding that he touched the six-year-old victim's upper thigh between her legs in close proximity to her genitals. He argues, however, that the upper thigh between the legs is not a "sexual or intimate part" as defined by RSA 632-A:1, IV (Supp. 2011). We disagree.

 RSA 632-A:1, IV defines "sexual contact" as:

> the intentional touching whether directly, through clothing, or otherwise, of the victim's or actor's sexual or intimate parts, including emissions, tongue, anus, breasts, and buttocks. Sexual contact includes only that aforementioned conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification.

Several features of this statute lead us to reject the defendant's argument. First, unlike the act proscribed for commission of the more serious offense of aggravated felonious sexual assault without penetration, *see* RSA

632-A:2, II (2007), sexual contact in violation of the felonious sexual assault statute is not limited to touching of the "genitalia." *Compare* RSA 632-A:2, II, *with* RSA 632-A:3, III *and* RSA 632-A:1, IV; *see* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 946 (unabridged ed. 2002) ("genitalia" means "the organs of the reproductive system; *esp*: the external genital organs").

Second, although the word "intimate" can have a directly sexual connotation, *see* WEBSTER'S, *supra* at 1184 (definition of "intimate" includes "engaged in or marked by sexual relations"), construing it in this fashion would make it duplicative of the word "sexual," thus suggesting that the legislature intended no differentiation between "sexual parts" and "intimate parts." Such a construction runs afoul of the well-recognized principles of statutory construction that all words of a statute are to be given effect, that the legislature is presumed not to use words that are superfluous or redundant, and that when the legislature uses two different words, it generally means two different things. *Fischer v. Hooper*, 143 N.H. 585, 588 (1999); *see State v. Gingras*, 162 N.H. 633, 639 (2011). Giving effect to these principles, we conclude that the legislature intended "intimate parts," as distinguished from "sexual parts," to mean parts of the body that are deeply personal and usually kept private and discreet. *See* WEBSTER'S, *supra* ("intimate" also can mean "of, relating to, or befitting deeply personal . . . matters or matters usu[ally] kept private or discreet").

Finally, the statute's specific listing of parts of the body that are not part of the reproductive system (*e.g.*, tongue, anus, buttocks) preceded by the word "including" both confirms that "sexual contact" is not confined to touching of the genitals and indicates that the proscribed conduct can involve touching of areas of the body beyond the specific parts enumerated, provided the areas in question are similar in character to the enumerated ones. *See State v. Gibson*, 160 N.H. 445, 450 (2010); *Conservation Law Found. v. N.H. Wetlands Council*, 150 N.H. 1, 5-6 (2003) ("term 'including' indicates that the factors listed are not exhaustive," but items covered are limited to "those of the same type as the items specifically listed").

We, therefore, conclude that an "intimate part" means any part of the body the touching of which, for sexual arousal or gratification, is offensive to an objectively reasonable sense of personal dignity, privacy, and modesty. Applying this standard to the facts of this case, we have no difficulty in concluding that the victim's inside upper thigh adjacent to her genitals was an "intimate part" of her body within the meaning of that term in RSA 632-A:1, IV. *See Com. v. Lavigne*, 676 N.E.2d 1170, 1173 (Mass. App. Ct. 1997) ("The 'inner thigh' is, under our contemporary views of personal

integrity and privacy — whether clothed or unclothed — a body part that our law views as requiring protection from improper touching."); *State v. Harstad*, 218 P.3d 624, 628-29 (Wash. Ct. App. 2009) (A jury may determine that "parts of the body in close proximity to the primary erogenous areas" are intimate parts and that the defendant placing his hand on the victim's upper inner thigh area constituted touching an "intimate part."). Accordingly, there is no basis to upset the jury's verdict on the indictment at issue.

*Affirmed.*

DALIANIS, C.J., and HICKS and CONBOY, JJ., concurred.