The Commonwealth appeals from the allowance of the defendant's motion to suppress evidence obtained from the stop of the defendant's motor vehicle. The Commonwealth contends that the motion judge erred in ruling that the police lacked the requisite reasonable suspicion to stop the defendant's vehicle. We agree and reverse the motion judge's order allowing the motion to suppress.
We summarize the findings of the motion judge, which are supplemented by uncontested facts adduced at the suppression hearing to provide context. See Commonwealth v. DePeiza, 449 Mass. 367, 368 (2007). On January 18, 2015, at approximately 2:45 A.M. , Massachusetts State police Trooper Paul Gifford observed a woman, whom he knew from prior investigations involving solicitation for sex, prostitution, and narcotics, slowly walking along Acushnet Avenue in the city of New Bedford. The woman had previously been known to solicit sex for a fee in that area. During the few minutes the officer observed the woman, he watched her meander up and down the sidewalk and physically react to passing vehicles. The officer then saw a vehicle, later discovered to be driven by the defendant, approach the woman, and observed the woman give a head nod in the direction of the left side of Acushnet Avenue. The defendant's vehicle then turned left and stopped on an adjacent side street. The woman approached the passenger side of the defendant's vehicle and appeared to have a very brief conversation with the defendant before she entered the front passenger side and the defendant drove off. The officer could not identify the driver of the vehicle or hear the contents of that conversation, nor could he see anything pass between the defendant and the woman. The officer then followed the vehicle for four city blocks during which he observed the car fluctuate in speed and cross a double yellow line before he pulled the defendant over. The defendant was subsequently arrested and charged with solicitation of a prostitute ( G. L. c. 272, § 8 ); marked lanes violation ( G. L. c. 89, § 4A ); negligent operation of a motor vehicle ( G. L. c. 90, § 24 [2][a ] ); and operating under the influence, second offense ( G. L. c. 90, § 24 [1][a ][1] ). At a suppression hearing, the motion judge allowed the defendant's motion to suppress all evidence resulting from the stop because the officer lacked reasonable suspicion that the defendant committed or was in the act of committing the crime of soliciting a prostitute.
The Commonwealth's argument on appeal is that the officer's credited testimony requires a finding of reasonable suspicion as a matter of law. In reviewing a ruling on a motion to suppress evidence seized during a warrantless search, we determine whether the Commonwealth met its burden to establish that the evidence was lawfully obtained. See Commonwealth v. Oliveira, 474 Mass. 10, 13 (2016). "[W]e accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of his ultimate findings and conclusions of law.' " Commonwealth v. Baptiste, 65 Mass. App. Ct. 511, 514 (2006), quoting from Commonwealth v. Scott, 440 Mass. 642, 646 (2004).
"A police officer may stop a vehicle in order to conduct a threshold inquiry if he has a reasonable suspicion that the occupants have committed, are committing, or are about to commit a crime." Commonwealth v. Wren, 391 Mass. 705, 707 (1984). Reasonable suspicion is measured by an objective standard, Commonwealth v. Mercado, 422 Mass. 367, 369 (1996), and the totality of the facts on which the seizure is based must establish "an individualized suspicion that the person seized is the perpetrator of the suspected crime." Commonwealth v. Warren, 475 Mass. 530, 534 (2016). Here, the facts taken as a whole provided the officer with reasonable suspicion as a matter of law, not a mere hunch, that the defendant was engaged in the solicitation of a prostitute. See Commonwealth v. Fraser, 410 Mass. 541, 545 (1991) ("[A] combination of factors that are each innocent of themselves may, when taken together, amount to the requisite reasonable belief"). Given these specifically articulable facts and the officer's experience, all credited by the motion judge and not in dispute, the officer was entitled to expand the scope of his investigation by effectuating a stop of the defendant's vehicle.[2] See Commonwealth v. Proctor, 22 Mass. App. Ct. 935, 935-936 (1986). Accordingly, the motion to suppress should have been denied.
Order allowing motion to suppress reversed.

The officer also possessed reasonable suspicion to stop the defendant's vehicle when the motion judge credited the officer's testimony that he observed the defendant commit a marked lane violation. See Commonwealth v. Santana, 420 Mass. 205, 207 (1995).