After a jury-waived trial, the defendant was found guilty of two counts of indecent assault and battery on a child under fourteen years of age. On appeal, he claims there was insufficient evidence to support one of his convictions, that G. L. c. 265, § 13B, is unconstitutionally vague as applied to him, and that the statute violates the Equal Rights Amendment. We affirm.
1. Sufficient evidence. The defendant claims there was insufficient evidence to support one of his indecent assault and battery convictions because the prepubescent nine year old victim whose chest he touched had yet to develop breasts. We disagree.
To establish a violation of G. L. c. 265, § 13B, the Commonwealth was required to prove that the defendant "committed an intentional, unprivileged, and indecent touching of [a child]." Commonwealth v. Taylor, 50 Mass. App. Ct. 901, 901 (2000). "A touching is indecent when, judged by the 'normative standard' of societal mores, it is 'violative of social and behavioral expectations,' Commonwealth v. Gallant, 373 Mass. 577, 580-581, 589 (1977), in a manner 'which [is] fundamentally offensive to contemporary moral values ... [and] which the common sense of society would regard as immodest, immoral and improper.' " Commonwealth v. Lavigne, 42 Mass. App. Ct. 313, 314-315 (1997), quoting from Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184 (1991).
The defendant's claim isolates or compartmentalizes his touching of the victim's chest. However, "[w]hen evaluating evidence of alleged indecent behavior, we consider all of the attendant circumstances." Commonwealth v. Vazquez, 65 Mass. App. Ct. 305, 306-307 (2005). See Commonwealth v. Lavigne, supra at 316. In the light most favorable to the Commonwealth, the touching of the victim's chest occurred a short time after the defendant placed a blanket over the victim's lap, reached under the blanket, touched the victim's thighs, and rubbed the victim's vagina over her clothes. In these circumstances, the fact finder was justified in concluding that the defendant's conduct was sexual in nature, "violative of social and behavioral expectations," and "fundamentally offensive to contemporary moral values," which, regardless of the victim's development, our "sense of society would regard as immodest, immoral and improper." Id. at 314-315 (quotation omitted).
2. Vagueness. The defendant also claims that G. L. c. 265, § 13B, as applied to him, is unconstitutionally vague because he was not given fair warning that it applied to victims who had yet to develop breasts. We disagree.
As a starting point, we note that this claim has not been preserved for appellate review. An as-applied vagueness challenge must be preserved in a motion for a required finding of not guilty after the Commonwealth has presented its evidence. See Commonwealth v. Figueroa, 83 Mass. App. Ct. 251, 266 (2013), overruled in part on other grounds by Commonwealth v. Coggeshall, 473 Mass. 665, 670 (2016). That did not occur here. As a result, we review only to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Bell, 455 Mass. 408, 419 (2009),[2] citing Commonwealth v. Oakes, 407 Mass. 92, 94-95 (1990).
The defendant claims that applying § 13B to cases beyond those involving the touching of an adult female's breast renders the statute fatally ambiguous. However, indecent assault and battery is not limited to the touching of any specific body part. See Commonwealth v. Vazquez, 65 Mass. App. Ct. at 307. Rather, as stated above, § 13B prohibits a touching that, when "judged by the normative standard of societal mores, ... is violative of social and behavioral expectations ... in a manner which is fundamentally offensive to contemporary moral values and which the common sense of society would regard as immodest, immoral and improper." Commonwealth v. Lavigne, 42 Mass. App. Ct. at 314-315 (quotation omitted). Moreover, a statute is not vague simply because "it requires a person to conform his conduct to an imprecise but comprehensible normative standard." Commonwealth v. Williams, 395 Mass. 302, 304 (1985), quoting from Commonwealth v. Orlando, 371 Mass. 732, 734 (1977).
Because a person of average intelligence can be expected to understand that touching a nine year old victim's thigh and vagina, and then touching her chest, would constitute indecent assault and battery, § 13B gives fair warning. See Commonwealth v. Rosa, 62 Mass. App. Ct. 622, 627 (2004) ( § 13B not unconstitutionally vague); Commonwealth v. Miozza, 67 Mass. App. Ct. 567, 570-571 (2006) (same).
3. Equal Rights Amendment. Finally, for the first time on appeal, the defendant claims his prosecution violated the Equal Rights Amendment because G. L. c. 265, § 13B, punishes the touching of a female's breast, but does not punish an equivalent touching of the male chest area. We disagree.
Article 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments to the Constitution, provides in part: "Equality under the law shall not be denied or abridged because of sex, race, color, creed or national origin." Under the Equal Rights Amendment, "classifications on the basis of sex are subject to a degree of constitutional scrutiny 'at least as strict as the scrutiny required by the Fourteenth Amendment [to the United States Constitution] for racial classifications.' " Attorney Gen. v. Massachusetts Interscholastic Athletic Assn., 378 Mass. 342, 354 (1979), quoting from Commonwealth v. King, 374 Mass. 5, 21 (1977).
The fundamental flaw in the defendant's claim is that G. L. c. 265, § 13B, makes no classification based on gender.[3] The statute protects both male and female children from being victims of an indecent assault. An additional flaw in the defendant's claim is that neither the statute nor the case law enumerates or catalogues areas of the body on which an intentional and unprivileged touching would necessarily be deemed indecent. In fact, we have held that "[t]he touching in question need not be restricted to the list of anatomical parts and areas referred to in Commonwealth v. Mosby, [30 Mass. App. Ct. at] 184." Commonwealth v. Vazquez, 65 Mass. App. Ct. at 307. In other words, it would have been a violation of G. L. c. 265, § 13B, if the defendant had touched a nine year old boy on his chest in circumstances that are " 'violative of social and behavioral expectations,' Commonwealth v. Gallant, 373 Mass. [at] 580-581, 589..., in a manner 'which [is] fundamentally offensive to contemporary moral values ... [and] which the common sense of society would regard as immodest, immoral and improper.' " Commonwealth v. Lavigne, 42 Mass. App. Ct. at 314-315, quoting from Commonwealth v. Mosby, supra. The claim is without merit, and thus, there is no risk that justice miscarried.
Judgments affirmed.

Abrogated in part on other grounds by Commonwealth v. LaBrie, 473 Mass. 754, 763-764 (2016).

Section 13B, as appearing in St. 2008, c. 205, § 1, provides, in pertinent part:
"Whoever commits an indecent assault and battery on a child under the age of 14 shall be punished ....
"In a prosecution under this section, a child under the age of 14 years shall be deemed incapable of consenting to any conduct of the defendant for which such defendant is being prosecuted."