## COMMONWEALTH vs. DAVID A. MOSBY.

No. 90-P-747.

Hampshire. November 7, 1990. - March 6, 1991.

Present: SMITH, FINE, & PORADA, JJ.

*Indecent Assault and Battery. Evidence,* Cross-examination, Rebuttal.

At the trial of a complaint for indecent assault and battery on a person over fourteen years of age, the judge correctly denied the defendant's motion for a required finding of not guilty. [184-185]

At the trial of a criminal case, the judge incorrectly denied the defendant his right to engage in reasonable cross-examination of the prosecution's rebuttal witness; the error was not harmless in the circumstances and the defendant was entitled to a new trial. [185-187]

COMPLAINT received and sworn to in the Northampton Division of the District Court Department on November 28, 1988.

On appeal to the jury session of that division, the case was tried before *Edward J. Shea,* J.

*Joseph A. Hanofee* for the defendant.

*Frederic G. Bartmon,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was charged in the District Court with indecent assault and battery on a person over fourteen years of age (G. L. c. 265, § 13H). He was found guilty at a bench trial and received a six-month sentence to a house of correction, suspended, with two years' probation. He appealed to the jury-of-six session. A jury convicted him of the charge and he was sentenced to thirty days in a house of correction. The defendant appeals and alleges error in (1) the denial of his motion for a required finding of not guilty, (2) the denial of his request to cross-examine a rebuttal witness, and (3) the judge's allegedly inflammatory remark to

defense counsel in front of the jury. We need not address the last issue in light of our disposition of this matter.

The complainant, an eighteen year old woman, testified that she was a student at the University of Massachusetts in Amherst. The defendant was also a student at the university. They knew each other through their participation in the university band programs. The complainant became interested in buying a trumpet that the defendant was planning to sell. The defendant telephoned her one evening between 8:30 P.M. and 9:00 P.M. and tried to persuade her to walk across campus to his dormitory room to see the trumpet. She agreed but told the defendant she would be accompanied by a male friend. The defendant requested that, if they came to his room, she leave her friend outside while they "discussed business." The complainant ultimately declined the evening invitation and agreed to view the trumpet the following morning.

The next morning, the complainant arrived at the defendant's room just as he was leaving to use the bathroom. During his absence, she watched television and went to the window to view the campus.[1] The defendant returned and walked over to the window. The complainant asked the defendant if her dormitory could be seen from the window because she could not locate it from where she was standing. The defendant told her, "you could see it over from the other side." The complainant then testified that the defendant "placed his hand on my buttocks and he pulled me across the window." The complainant pulled away from him and asked if she could see the trumpet. The defendant complied with her request. During the negotiations for the purchase of the trumpet, the defendant told the complainant that he had been offered $300 for it, but because she was in the marching band he would let her have it for "$50 or $75 less, if." The complainant asked "if, what?" The defendant responded "if" meant if she would engage in "some extracurricular activities." The complainant then said to the defendant "Oh, so

---

[1]The defendant's room was in a high-rise dormitory.

if I go to bed with you." The defendant then said to her, "Well, that's one way to put it."

The complainant rejected the suggestion and rebuked the defendant for making it. As she was leaving, the defendant put his arm around her so that, according to the complainant, his "arm was directly underneath [her] breasts." The complainant broke free and left the room. That evening she told a friend about the incident, and later she reported it to the police. Two weeks after the incident the defendant telephoned and told her that "he was sorry and that he thought he was out of line."

On cross-examination, the complainant acknowledged that at the bench trial she had testified that the defendant, while at the window, had placed his hand "close to her left butt[ock]."

The Commonwealth then called as a witness the person to whom the complainant had reported the incident. He testified that the complainant seemed "upset" when she told him of the incident. According to the witness, the complainant described to him the events leading up to the occurrence at the window. His testimony tracked the complainant's testimony up to that point. The witness testified, however, that the complainant told him that when she asked the defendant if she could see her dormitory, the defendant "put his arm around [her] and pulled her over to his side, and then . . . he dropped his hand down to her waist." The witness also recounted what the complainant told him about the defendant's "proposition" in regard to lowering the price of the trumpet. His testimony on this phase was consistent with the complainant's testimony. The witness also stated that the complainant told him that as she was leaving the defendant's room, he "put his arm around her middle, right just below the breasts." The witness was not cross-examined.

In his defense, the defendant testified that, while at the window, he put his left hand "around [the complainant's] waist, and brought her over to the side of the window that [he] was standing on, so that she could see [her dormitory]." He admitted that in discussing the price of the trumpet, he

told the complainant that he would take fifty dollars less than the quoted price for "extracurricular activities." The defendant testified that when the complainant asked if "extracurricular activities" meant going to bed with him, he responded, "[T]hat was a possibility." He stated that the complainant became "visibly upset" and left. The defendant denied that he touched her "underneath the breasts" or anywhere else just before she left the room. He testified that he later telephoned the complainant and apologized to her for "making that proposition to her."

1. *Motion for a required finding.* The defendant's motion for a required finding of not guilty was denied at the close of the Commonwealth's case and again at the close of all the evidence. The defendant claims that the judge erred because there were inconsistencies in the testimony of the Commonwealth witnesses. The defendant argues there was insufficient evidence, as matter of law, to infer the existence of the essential elements of indecent assault and battery.

The type of conduct that constitutes indecent assault and battery on a person over fourteen years of age is not defined in G. L. c. 265, § 13H.[2] A definition adopted by this court provides: "[a]n indecent assault and battery is essentially an act or series of acts which are fundamentally offensive to contemporary moral values . . . . [I]t is behavior which the common sense of society would regard as immodest, immoral and improper . . . . Thus, in order to prove indecent assault and battery, the Commonwealth must prove beyond a reasonable doubt that the defendant committed an intentional, unprivileged and indecent touching of the victim." *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. 36, 43-44 (1985). It has been held that the intentional, unjustified touching of private areas such as "the breasts, abdomen, buttocks, thighs, and pubic area of a female" constitutes an indecent assault and battery. *Commonwealth* v. *De La Cruz*, 15 Mass.

---

[2]The crime of indecent assault and battery is purely a statutory crime as "[t]here was no distinct crime of indecent assault and battery at common law; the indecency was a matter of aggravation." *Commonwealth* v. *Burke*, 390 Mass. 480, 484, n.5 (1983).

App. Ct. 52, 59 (1982). See also *Commonwealth* v. *Thayer*, 20 Mass. App. Ct. 234, 238 (1985).

In reviewing a denial of a motion for a required finding of not guilty, we must look at the evidence in the light most favorable to the Commonwealth to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

In this case, the Commonwealth introduced evidence that the defendant placed his hand on the complainant's buttocks without her consent, and almost immediately made a proposal that had distinctly sexual overtones. Based on that evidence, the jury were warranted in finding that the defendant committed an indecent assault and battery.[3] We agree with the defendant that there were inconsistencies in the testimony of the witnesses, but that fact goes to the credibility of the witnesses and does not affect the sufficiency of the evidence. *Commonwealth* v. *Clary*, 388 Mass. 583, 589 (1983). "Once sufficient evidence is presented to warrant submission of the charges to the jury, it is for the jury alone to determine what weight will be accorded to the evidence." *Commonwealth* v. *Hill*, 387 Mass. 619, 624 (1982), quoting from *Commonwealth* v. *Hoffer*, 375 Mass. 369, 377 (1978). There was no error in the denial of defendant's motion for a required finding of not guilty.

2. *Denial of right of cross-examination.* The defendant claims that he was denied his right to cross-examine a rebuttal witness called by the Commonwealth. The issue rose in

---

[3]The defendant argues that his placing his arm around the complainant's waist as she was leaving the room did not constitute indecent assault and battery. The Commonwealth, however, did not try the case on the theory that there were two separate acts of indecent assault and battery. Rather, it appears that the Commonwealth believed that the incident that occurred as the complainant was leaving the room was part of the indecent assault and battery allegedly committed at the window. We note that no argument has been presented to us that the general verdict must be set aside because it was supported on one ground (the incident at the window) but not on another ground (the incident as the complainant was leaving the room). See *Commonwealth* v. *Mandile*, 403 Mass. 93, 98-99 (1988). *Commonwealth* v. *Eldridge*, 28 Mass. App. Ct. 936, 937-938 (1990).

the following manner. After the defendant rested his case, the Commonwealth recalled the complainant as a rebuttal witness. She was asked by the prosecutor to demonstrate, on her own person, where the defendant touched her when they were at the window. After the prosecutor finished questioning her, there was an off the record discussion between the defendant and defense counsel. Then, the following exchange between the judge and defense counsel took place:

DEFENSE COUNSEL:   "Your honor, I'm not — I'd like — "

JUDGE:   "I thought you said you were done. I — no more, let's go."

DEFENSE COUNSEL:   "Your honor, I — "

JUDGE:   "No more. Give your argument. I'm sick and tired of your stalling here all day."[4]

DEFENSE COUNSEL:   "Your honor, forgive me, but I didn't — "

JUDGE:   "Go ahead. Give your argument to the court. Go ahead."

Defense counsel then gave his closing statement to the jury.

"Parties to litigation are entitled as a matter of right to the reasonable cross-examination of witnesses against them for the purpose of attempting to impeach or discredit their testimony." *Commonwealth* v. *Gagnon*, 408 Mass. 185, 192 (1990), quoting from *Commonwealth* v. *Underwood*, 358 Mass. 506, 513 (1970). *Commonwealth* v. *O'Connor*, 407 Mass. 663, 672 (1990)("[a] defendant is entitled as a matter of right to a reasonable cross-examination of a witness in order to show bias and prejudice"). Here, on rebuttal, the complainant demonstrated, for the first time, the part of her body that the defendant touched, while they were standing at the

---

[4]Defense counsel claims that he was surprised by the judge's statement that he was stalling and that the remark prejudiced the defendant in front of the jury.

We are also surprised because up to the time he uttered the remark, the judge had presided over the trial with skill and patience. The remark was, indeed, unfortunate. In any event, we are confident that the remark will not be repeated at the new trial.

window. The defendant was entitled, as matter of right, to engage in reasonable cross-examination of the rebuttal witness.

The Commonwealth argues that because the defendant had already cross-examined the complainant when she first testified, a new trial is not required even if the trial judge committed error. That argument is without merit. During the Commonwealth's case-in-chief, the prosecutor, perhaps for tactical reasons, did not ask the complainant to demonstrate for the jury where the defendant placed his hand on her body. The defendant, perhaps also for tactical reasons, did not ask her for a demonstration during his cross-examination. Once the complainant was asked by the prosecutor to make the demonstration as a rebuttal witness, the defendant certainly was entitled to a reasonable cross-examination even though she had previously testified and had been subjected to cross-examination. To rule otherwise would be to hold that a rebuttal witness could never be cross-examined on his or her rebuttal testimony if the witness had previously been subjected to cross-examination.

The error was not harmless. The evidence against the defendant was not overwhelming. The complainant had been impeached by her prior inconsistent statement that the defendant had placed his hand "close to her left butt[ock]." The fresh complaint witness had testified that the complainant had told him that the defendant had "dropped his hand down to her waist." The defendant had admitted placing his arm around the complainant's waist but denied touching her on the buttocks. In these circumstances, we hold that it was prejudicial error to deny the defendant the right to cross-examine the witness on rebuttal.

*Judgment reversed.*
*Verdict set aside.*