COMMONWEALTH *vs.* DANA SHORE.

No. 04-P-1715.

Middlesex. December 12, 2005. - January 20, 2006.

Present: GELINAS, KAFKER, & MILLS, JJ.

*Indecent Assault and Battery. Practice, Criminal,* Required finding. *Consent.*

At the trial of an indictment charging indecent assault and battery on a person
over fourteen years of age, in violation of G. L. c. 265, § 13H, the judge
did not err in denying the defendant's motion for a required finding of not
guilty, where there was sufficient evidence, when taken in the light most
favorable to the Commonwealth, to have satisfied a rational trier of fact
beyond a reasonable doubt that the defendant touched the victim's breast
without her consent. [432-433]

INDICTMENTS found and returned in the Superior Court Depart-
ment on July 18, 2002.

The cases were tried before *Charles M. Grabau,* J.

*Joseph W. Monahan, III,* for the defendant.

*Lillian Cheng,* Assistant District Attorney *(Kerry A. Aleman,*
Assistant District Attorney, with her) for the Commonwealth.

KAFKER, J. The defendant was tried on two counts of indecent
assault and battery on a person over fourteen years of age
(G. L. c. 265, § 13H), one involving the defendant's placement
of his hand on the fifteen year old victim's buttock, the other
involving the defendant's placement of his hand on her breast.
The defendant's motion for a required finding of not guilty at
the close of the Commonwealth's case was allowed as to the
former count and denied as to the latter. The defendant's motion
for a required finding of not guilty at the close of all the
evidence was also denied on the latter count.

The defendant, a forty-seven year old pharmacist, was
convicted by a jury of indecent assault and battery on the fifteen
year old victim, an employee in his pharmacy. It is undisputed

that he unhooked her bra and fondled her breast after giving her a back massage. See *Commonwealth* v. *Mosby,* 30 Mass. App. Ct. 181, 184 (1991), quoting from *Commonwealth* v. *De La Cruz,* 15 Mass. App. Ct. 52, 59 (1982) ("It has been held that the intentional, unjustified touching of private areas such as 'the breasts . . .' constitutes an indecent assault and battery"). The only issue is whether the Commonwealth satisfactorily proved that the victim did not consent to the touching. Because " 'lack of consent is an element of the crime of indecent assault and battery [on a person over fourteen], and the Commonwealth has the burdens of production and persuasion' as to that matter, *Commonwealth* v. *Burke,* 390 Mass. 480, 482 (1983), the Commonwealth had the burden to prove that [the complainant] did not consent to the conduct with which the defendant was charged . . . ." *Commonwealth* v. *Feijoo,* 419 Mass. 486, 490 (1995).

The victim testified as follows. She had worked part-time for a number of months at the pharmacy, which was owned and operated by the defendant. Her only contact with the defendant was at the pharmacy. Prior to the evening in question, she considered the defendant "nice" and "friendly." She "talked to him about a lot of stuff and . . . felt comfortable talking to him." He had never previously touched her.

Near the end of her shift that evening, the victim emptied the cash register and brought the cash to the defendant, who was alone at the back of the pharmacy. She complained to him that her back was sore from "cheerleading moves." He began massaging her back without her requesting him to do so. The victim testified on direct examination that she said nothing while he was massaging her back. She testified on cross-examination that the back massage felt "good" at first and that she told the defendant so. She also testified that "[h]e started at my upper shoulders and then moved down and then went up my shirt." At some point she started to feel "strange." She further testified that "as he was going up my back he unhooked [her bra] and then went in the front." He then "just grabbed [her breast]." This lasted approximately ten seconds. On direct examination, she was asked whether she said anything as this was occurring, to which she replied, "No, I stood in shock." A customer then came into the store and the defendant stopped.

At that point, the victim fastened her bra and put her coat on to leave. The defendant then gave her "a hug and said, 'I'm sorry, I hope that didn't make you feel uncomfortable.' " The victim did not hug him back. She testified that he also said, "Please don't say anything because I know I can get into a lot of trouble for this and everything." The defendant told the victim she could not leave the pharmacy until closing time, which was approximately ten minutes later. She testified that she was "upset but . . . wasn't crying." She also testified that she was crying later that evening, when she called her best friend and told her what had occurred. The friend testified that the victim was upset when she reported the incident to her. The victim was not asked at trial whether she consented to the defendant's grabbing of her breast.

In determining whether the motions for a required finding of not guilty were properly denied, we consider whether there was sufficient evidence, when taken in the light most favorable to the Commonwealth, to have satisfied a rational trier of fact beyond a reasonable doubt that the touching of the victim's breast was without her consent. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). *Commonwealth* v. *Elliffe*, 47 Mass. App. Ct. 580, 583 (1999). That evidence would encompass all the circumstances surrounding the touching and include the reasonable inferences that could be drawn therefrom. *Commonwealth* v. *Castillo*, 55 Mass. App. Ct. 563, 566 (2002).

In the instant case, "there is a considerable age disparity between the defendant . . . and the victim . . . , and an obvious disparity in experience and sophistication. There was also an authority disparity": the defendant was the owner of the pharmacy where the victim had a part-time job. *Commonwealth* v. *Castillo, supra* at 567. The defendant and the victim had never socialized outside of work. He had never touched her before he massaged her back and grabbed her breast in the back of the pharmacy that evening. The victim testified that she was upset and shocked by the defendant's actions.[1]

The defendant emphasizes that the victim did not tell him to

---

[1]The defendant's own actions also manifested consciousness of guilt. He asked the victim "to remain silent as to what had just occurred." *Commonwealth* v. *Castillo*, 55 Mass. App. Ct. at 567. He also expressly stated that

stop after he started massaging her back. Needless to say, acceptance of a massage for a sore back is a far cry from consent to grab a breast. The defendant also argues that the victim did not pull away or rebuke him at any point in the encounter. Compare *Commonwealth* v. *Mosby*, 30 Mass. App. Ct. at 182 (complainant pulled away after defendant placed his hand on her buttocks); *Commonwealth* v. *Lavigne*, 42 Mass. App. Ct. 313, 314 (1997) (victim pushed defendant's hand away from his inner thigh and said "I don't do that"); *Commonwealth* v. *Castillo*, 55 Mass. App. Ct. at 564 (victim pushed defendant away and "told him not to do that"). Although manifest objections by the victim would have made this a simpler case, we do not require an explicit verbal or physical rebuff to prove lack of consent. Instead, we analyze lack of consent based on the totality of the circumstances. Here, the jury had sufficient evidence to conclude that the fifteen year old victim did not consent to her forty-seven year old employer's sudden grabbing of her breast in the back of the pharmacy where he employed her.

As a result, the trial judge did not err in denying the defendant's motion for a required finding at the close of the Commonwealth's case. Nor did the judge err in denying the motion for a required finding at the close of all evidence and in a postverdict motion pursuant to Mass.R.Crim.P. 25(b)(2), as amended, 420 Mass. 1502 (1995): the only additional evidence was the defendant's testimony, suggesting the victim led him on with provocative behavior by telling him about her sore back, tossing back her hair, saying the back massage felt good, and not instructing him to stop. This testimony, however, "goes to the credibility and weight [of the evidence] and is thus the province of the jury." *Commonwealth* v. *Elliffe*, 47 Mass. App. Ct. at 584. The jury heard the evidence and decided, as was warranted, that the victim did not consent.

*Judgment affirmed.*

---

"he could get into a lot of trouble" for his conduct. Reasonable minds could differ as to whether he was referring to criminal, civil, marital, or other trouble.