NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1034

COMMONWEALTH

vs.

MARK L. GAGLINI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a conviction of indecent assault and battery on a person fourteen or over pursuant to G. L. c. 265, § 13H. He argues that the Superior Court judge erred by (1) denying his motion for a required finding of not guilty, and (2) declining to provide a curative jury instruction. We affirm.

Background.[1] On August 2, 2019, the victim, a sixteen year old male, took a driving lesson with the defendant as his instructor. At the start of the lesson, the defendant got out of his vehicle, greeted the victim, and said something to the effect of, "I don't want us to get too crazy now." The

_____

[1] We recite the facts in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

defendant's tone made the victim uncomfortable.  Before starting to drive, the defendant told the victim that rather than use the passenger brake pedal, he would either grab the victim's arm or touch his leg to correct any driving mistakes.  During the lesson, the defendant touched the victim over twenty times, near his groin area, lasting anywhere from a short tap to ten seconds long.  The victim stood and showed the jury where the defendant touched him and testified that if his penis was on that side, the defendant would have touched it.  When the victim stated that he did not want to ride longer, the defendant tried to hug him.  Once they arrived near the victim's home, the defendant got out of the vehicle with the victim, who again expressed that he did not want to be hugged.  The defendant hugged him anyway. The victim left the area immediately thereafter and called his mother, upset and crying, to report that the defendant had touched him on his leg and groin area.

Discussion.  1.  Motion for a required finding.  The defendant alleges that the trial judge erred by denying the defendant's motion for a required finding of not guilty because the Commonwealth failed to provide sufficient evidence to support his conviction for indecent assault and battery on a person fourteen or over.  We disagree.

When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at

trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "That evidence would encompass all the circumstances surrounding the touching and include the reasonable inferences that could be drawn therefrom." Commonwealth v. Shore, 65 Mass. App. Ct. 430, 432 (2006).

To prove a conviction of indecent assault and battery on a person fourteen or over, the Commonwealth must establish that "'the defendant committed an intentional, unprivileged, and indecent touching of the victim' without the victim's consent." Commonwealth v. Butler, 97 Mass. App. Ct. 223, 232 (2020), quoting Commonwealth v. Kennedy, 478 Mass. 804, 810 (2018). "Indecent assault and battery [on a person fourteen or over] is a general intent crime." Id. Thus, the Commonwealth bears the burden of proving the absence of consent, but not that the defendant intended the act to be without consent. Commonwealth v. Moran, 439 Mass. 482, 490 (2003).

"A touching is indecent when, judged by the 'normative standard' of societal mores, it is 'violative of social and behavioral expectations,' in a manner 'which [is] fundamentally offensive to contemporary moral values . . . [and] which the common sense of society would regard as immodest, immoral and

3

improper.'" Commonwealth v. Rosa, 62 Mass. App. Ct. 622, 625 (2004), quoting Commonwealth v. Lavigne, 42 Mass. App. Ct. 313, 314-315 (1997). An "intentional, unjustified touching" of private areas such as the buttocks, thighs, and pubic area constitutes an indecent touching. Commonwealth v. Mosby, 30 Mass. App. Ct. 181, 184-185 (1991).

Here, a rational juror could infer from the evidence presented that the defendant intentionally committed an indecent act without consent from the victim. The victim testified that the defendant told him the defendant would touch the victim on the leg or arm in order to correct his driving mistakes. The defendant touched the victim on the leg and groin area over twenty times during a forty-five minute lesson and for longer than necessary to correct a driving mistake. While the victim did not manifestly object to the defendant's touching, "we do not require an explicit verbal or physical rebuff to prove lack of consent." Shore, 65 Mass. App. Ct. at 433. The victim further testified that the defendant, a driving instructor he had just met that day, hugged him over his objection. The jury were entitled to credit the testimony of the victim, which supports the conviction. See Commonwealth v. Lao, 443 Mass. 770, 779 (2005) ("If, from the evidence, conflicting inferences are possible, it is for the jury to determine where the truth

4

lies, for the weight and credibility of the evidence is wholly within their province").

2. <u>Curative jury instruction</u>.  The defendant further argues that the trial judge erred by failing to provide a curative instruction regarding the victim's "emotional outburst."  Specifically, the defendant takes issue with the following portion of the prosecutor's line of questioning of the victim:

<u>Q</u>:  "Do you remember if you were crying at all [during telephone call to mother]?"

<u>A</u>:  "(Inaudible.)"

<u>Q</u>:  "Sorry, was that a 'yes'?"

<u>A</u>:  "Yeah."

<u>Q</u>:  "Were you crying?"

<u>A</u>:  "(Inaudible.)"

<u>Q</u>:  "And I noticed you're shaking today; how do you feel today?"

<u>A</u>:  "I'm cold."

<u>Q</u>:  "And how else do you feel?"

<u>Defense counsel</u>:  "Objection."

<u>The judge</u>:  "Overruled."

<u>A</u>:  "Embarrassed."

<u>Q</u>:  "Why do you say that?"

<u>Defense counsel</u>:  "Objection."

<u>The judge</u>:  "Sustained, sustained."

5

A: "Just let another . . . man touch me like that."

Q: "It's all right. If you want, there are some tissues right to your left."

The defendant claims that this exchange created a substantial risk of a miscarriage of justice, where the jury were not later instructed to disregard emotion in coming to a verdict. Although the defendant objected to the victim's testimony, he did not request a curative instruction, and thus, "[o]ur review . . . is limited to determining whether the judge's omission created an error and, if so, whether there was a substantial risk of a miscarriage of justice." Commonwealth v. Simmarano, 50 Mass. App. Ct. 312, 315 (2000).

Emotional outbursts are not uncommon in criminal trials, and we give substantial deference to the judge's effort to adequately remedy the potential prejudice. See, e.g., Commonwealth v. Martinez, 437 Mass. 84, 89-90 (2002) (trial judge's decision to issue curative instruction rather than grant mistrial not abuse of discretion); Commonwealth v. Hardy, 431 Mass. 387, 392 (2000) (trial judge was in best position to evaluate all circumstances and actual prejudicial effect; accordingly, ruling was entitled to substantial deference). While curative instructions are "an adequate means to correct any error . . . to the defendant," Commonwealth v. Amirault, 404 Mass. 221, 232 (1989), deference is given to the judge's

6

decision even in the absence of curative instructions.  See, e.g., Commonwealth v. Morales, 440 Mass. 536, 548 (2003) (no error where judge denied motion for mistrial and did not issue curative instruction after noting that jury were not affected by emotional outburst).  Indeed, generally, trial judges are not required to give curative instructions sua sponte.  See Commonwealth v. Qualls, 440 Mass. 576, 584 (2003).

Additionally, any potential prejudice to the defendant from the victim's display of emotion (and from the prosecutor's related appeal to the jury's emotion during his closing) was remedied when the judge told the jurors that they "must be completely fair and impartial . . .[,] not swayed by prejudice, [or] by sympathy" and that they had to decide "whether to believe a witness and how much importance to give a witness's testimony" by considering the evidence as a whole.  Indeed, the judge gave a robust and detailed instruction to the jury on how

to appropriately weigh the testimony before them.  This instruction was sufficient to cure any error.

<u>Judgment affirmed</u>.

By the Court (Neyman, Henry & Ditkoff, JJ.[2]),

Assistant Clerk

Entered:  April 22, 2024.

---

[2] The panelists are listed in order of seniority.